## POLLY KING *vs.* WILLIAM KING.

An heir of real estate liable to sale for payment of debts of the deceased, and subject to a mortgage for payment of one of them, who gives bond to the executor, under the Gen. Sts. *c.* 102, § 9, conditioned to pay all the debts, and in fulfilling that condition takes to himself an assignment of the mortgage, cannot, by virtue of the mortgage title, and by foreclosure, defeat estates of dower and homestead previously assigned to the widow in the mortgaged premises with his assent.

BILL IN EQUITY by the widow of Barzillai King to relieve her estates of dower and homestead in real estate left by her husband, who died in 1863, from any claims under a mortgage made by him in 1845, and assigned on April 30, 1864, to the defendant, who on January 15, 1864, gave bond to the executor, under the Gen. Sts. *c.* 102, § 9, to pay the debts of the deceased, in order to free the real estate from liability to sale for their payment. The case was reserved by *Foster*, J., for the determination of the full court, on the bill, answer and agreed facts, the substance of which appears in the opinion.

*H. J. Fuller*, for the plaintiff.

*W. H. Fox*, for the defendant.

WELLS, J. In this case the right of the widow to have her dower and homestead was subject to the incumbrance of the mortgage. The defendant is one of the heirs, and, by purchase, represents all the heirs and devisees of the real estate. A part only of the real estate was covered by the mortgage; but the whole was assets for payment of debts, including the mortgage debt. To relieve the real estate from liability to sale for payment of these debts the defendant assumed their payment, and gave his bond therefor to the executor. In paying the debts he took to himself an assignment of the mortgage; and he now claims to stand upon the mortgage title, and, by foreclosure, to defeat altogether the widow's estate of dower and homestead.

In *Gibson* v. *Crehore*, 3 Pick. 475, and 5 Pick. 146, it was held that a stranger, purchasing an equity of redemption from the administrator of an insolvent estate, and giving a bond for payment of the mortgage debt, might set up the mortgage title against the widow, notwithstanding his obligation to pay the debt. The court construed the bond as a personal contract of indemnity merely; in which they held that the widow had no interest, and of which she had no right to avail herself.

The bond in the present case is one that is provided for by statute, to answer to the creditors of the estate instead of assets to be derived from the sale of the land which the executor or administrator would otherwise be required to make for their payment. It is distinguishable in this respect from the bond in the case of *Gibson* v. *Crehore*. If the executor had proceeded with the sale, and with the proceeds had paid the debts for payment of which the sale was authorized, the rights of dower and homestead would have remained unaffected by the sale, and there would have been no outstanding mortgage debt. It is true, the widow has no right to require this to be done in order to relieve the real estate from the incumbrance for her benefit; but the executor may properly do it, when the mortgage debt is the personal debt of his testator. When the heir or devisee gives his bond, as in this case, it may be regarded as supplying the place of the assets which would otherwise have been derived from the sale of his lands. It is the descendible and devisable interests only which are subject to such sale.

There is another feature, however, in the present case, which is perhaps more decisive. The dower and homestead had been in fact set out to the widow before the payment of the mortgage debt. This proceeding was valid against all but the mortgagee. *Henry's case*, 4 Cush. 257. In the assignment "no account was taken of the mortgage." The defendant "aided and assisted" in the proceedings and "fully consented to the doings of the commissioners" in relation thereto. This is at least equivalent to a parol assignment, which may always be made by the heir. He cannot therefore now object to the validity of the proceedings. *Shattuck* v. *Gragg*, 23 Pick. 88

*Draper* v. *Baker,* 12 Cush. 288. He was not then the holder of the mortgage, it is true, and his consent could not affect the title or rights of the mortgagee. As against the mortgagee, the proceedings were void. If the defendant could become purchaser of the mortgage title, so as to set it up, as such, against the widow, he would be able to defeat and make void the assignment of dower to which he had once assented. This it was distinctly held he could not do, in *Draper* v. *Baker,* 12 Cush. 288. In that case, as in this, there was, in form, a foreclosure of the mortgage; but it did not avail. The foreclosure does not strengthen the defendant's right to defeat the assignment of the dower and homestead. If he had such a title under the mortgage as would enable him to foreclose against the tenant in dower, by mere entry and certificate, the same title would make the assignment void, as against him, from the date of his purchase of the mortgage. The decision in *Draper* v. *Baker* is conclusive against the right of the defendant to defeat the estates of dower and homestead set out by him or by his assent.

Similar considerations prevent the heir who has assigned dower from holding and enforcing a prior mortgage against the dower estate, for the purpose of securing contribution towards the mortgage debt.

The provisions of the Gen. Sts. *c.* 90, § 2, give the widow her election, to contribute to the payment of the mortgage debt or to take her dower according to the value of the equity, whenever the heir or other person claiming under the husband redeems the mortgage. She can have her election only by treating as void the assignment already made. By assenting to the assignment, without regard to the incumbrance, the right to put her to this election is waived.

The widow is accordingly entitled to hold her estates of dower and homestead, as set off to her, entirely exonerated from all claim of the heir or devisee under the mortgage.

*Decree accordingly*