## SMITH, Respondent, v. HAYTI, Appellant.

St. Louis Court of Appeals, April 14, 1908.

MUNICIPAL CORPORATIONS: Streets and Highways: Duty of City to Keep Streets in Repair. Where a city had opened a street for travel and it was used for travel over its entire width, the city was bound to exercise reasonable care to make the street safe its entire width, and when a ditch was dug across such a street, the city was liable for damage caused by one driving into the ditch where it was left unguarded near the side of the street, although the ditch was covered and rendered safe in the middle of the street where people usually travelled.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*S. J. Jeffress* for appellant.

*Van Mayes* and *Duncan & Bragg* for respondent.

GOODE, J.—This appellant has not set forth in its statement any of the facts in proof, and though it assigns for error the admission of incompetent evidence, has failed to state such evidence. We might dismiss the appeal for non-compliance with our rules, but will consider the main proposition relied on for a reversal of the judgment. The action was instituted to recover for damage done to a team, buggy and harness by driving them into a ditch across a public street in the city of Hayti. The ditch ran across Jasper street, a north and south thoroughfare intersected by Carmine street running east and west. We understand from the testimony in the record that the ditch was dug along the south side of Carmine street and extended across Jasper street at the crossing of the two streets. We are not quite certain of the location of the ditch, because the witnesses had a plat before them while testifying to which they continually referred without naming the streets, and this plat is not in the record. Jasper street is fifty feet wide, a strip on either side being occupied by a sidewalk, or intended for use as a sidewalk. The driveway principally used was a strip twenty feet wide in the center of the street, and just before the accident occurred, a bridge of the width of this central strip, had been built over the ditch. A strip five and a half or six feet wide extended from the bridge to the sidewalk on the west side of Jasper street, and across this strip the ditch extended as an open excavation, unguarded by barriers or in any other mode to protect the traveling public. Plaintiff, who keeps a livery stable, had hired a team to a young man to go to Caruthersville, another town in the same county. The hirer returned to Hayti late in the night, driving southward on Jasper street. As it had been raining and the night was very dark, he was compelled to guide himself along the street as best he could by the bulk of the houses on either side. When he reached Carmine street, still going southward,

he missed the bridge and the team and buggy went into
the ditch, an excavation three and a half feet deep and
two and a half feet wide. The team was traveling in a
walk at the time, and the evidence proves the driver
was using care to avoid an accident. No lights were
about the bridge or the excavation to indicate to the
driver the proper course or warn him of danger. The
main proposition invoked by appellant's counsel is that,
because the bridge was as wide as the portion of Jasper
street which had been improved for a driveway more
than the remainder of the street between the sidewalks,
the city is not responsible for the accident, which oc-
curred from the team and vehicle going outside said
driveway. Absolute non-liability on the part of the city
is asserted, and the argument urged that the city did
its whole duty by improving a portion of the street suf-
ficient to accommodate the usual quantity of travel by
horses and vehicles. In support of this position we are
cited to the cases of Ruppenthal v. St. Louis, 190 Mo.
213, 88 S. W. 612, and Fockler v. Kansas City, 94 Mo.
App. 464, 68 S. W. 363. The Ruppenthal decision dealt
with an accident which occurred on a portion of a
street never graded or otherwise improved, or thrown
open for the use of the public by the municipality. The
street had originally been a public road with fifty feet
in the center macadamized, fifteen feet on either side
remaining in a state of nature. After the city had ac-
quired jurisdiction, it kept up the macadamized part,
but exercised no authority and did no work of improve-
ment on the other parts of the street for the purpose of
preparing it for travel over its entire width. The plain-
tiff stepped in a hole in the unimproved strip on one of
the sides. He was walking and the city had constructed
no sidewalks for the use of foot-travelers. On those
facts it was held the municipality was not liable for the
accident; the court saying, in substance, the mere use
by the public, of a portion of the street which never

had been prepared by the municipal authorities for use, did not cast on the city the duty of keeping such portion of the street in repair, or lay it liable for an accident caused by its being out of repair (loc. cit. 227). The Fockler decision is opposed to this appellant's contention; the decision therein being that a city is bound to keep all parts of a street in a reasonably safe condition for travel—no doubt meaning if the street as a whole has been opened for travel, all parts of it must be kept in condition for use. There is ample testimony in the present case to show the city authorities of Hayti, prior to the excavation of the ditch and the construction of the bridge, improved the entire width of Jasper street between the curbs for driving and the public had been accustomed to drive over the entire width, though most of the driving was in the central portion. We may say the evidence on this issue is conclusive. The street commissioner testified he had worked and improved the street with a view to prepare it for driving outside the central portion and along the very strip respondent's team was on when it fell into the ditch. As the city had opened the street for travel over its whole width and the people used the whole width, it was incumbent on the city to exercise reasonable care to make the whole street safe, and beyond doubt it failed of due care when it dug and left unguarded, the ditch across the street. The Ruppenthal case invoked by appellant's counsel and all other precedents, support this conclusion.

It is assigned for error that the court received in evidence certain ordinances of the city of Hayti relating, we infer from what is said in the brief, to placing warning lights along excavations in the streets. It looks like this evidence was competent, but we will not pass on the question because the ordinances are not in the record.

Certain instructions requested by appellant were refused, it is claimed, erroneously. All these instruc-

tions propounded the theory that if the driver of the team drove on the west side of the street and off the main traveled driveway, the appellant was not liable.    They were properly refused for the reason already stated, i. e., it was the duty of the city, having opened the street to the public over its entire surface, to use care to keep it in suitable condition for use.    The evidence shows in the clearest light, gross negligence on the part of the municipality and the observance of due care: by the driver of respondent's team.

The judgment is affirmed.    All concur.