WILSON B. SHELDON, Respondent, v. THE WESTERN UNION TELEGRAPH COMPANY, Appellant.

*Use of a public highway by a telegraph company — it is subject to the public use — liability for injuries caused by a wire used to support one of its poles..*

A telegraph company, which operated lines of telegraph wire along a public highway, had placed at a point where there was an angle in the road, a telegraph pole, the tendency of which was to fall away from the road. This pole was quite close to the fence, and the defendant, in order to prevent its falling, sank a stone close to the traveled part of the highway, and fastened to it a wire which was fastened at the other end to the telegraph pole above the ground. There were two apple trees on the same side of the road as the stone, which were then in leaf, and prevented the wire from being seen by persons using the highway; and there was a bank on the opposite side of the road which forced the travel close upon this sunken stone.

The plaintiff, who was driving in the day-time a team of horses along the road, in order to pass a wagon in front of him, turned to this side of the road ; in so doing the wire caught and was drawn down between the wagon-box and the wheel, the plaintiff was pulled from the wagon by the horses and sustained serious injuries.

*Held,* that the right of the telegraph company to use the highway was subject to the right of the public use thereof, and that it could not lawfully use the road so as to obstruct or render it dangerous for the public travel.

That as the wire between the stone and the pole was not easily seen under favorable circumstances, and was so close to the road that it was a dangerous snare to travelers, the jury were justified in finding the defendant guilty of negligence.

Appeal by the defendant from a judgment for the sum of $3,346.68 damages and costs in favor of the plaintiff, entered upon the verdict of a jury, rendered upon the trial of the action at the Dutchess County Circuit, in the office of the clerk of Dutchess county on October 8, 1888; and also from an order made upon

the minutes of the justice presiding at the trial of the action, denying the defendant's motion for a new trial, which was entered on October 19, 1888, in the said office.

*Herbert E. Dickson*, for the appellant.

*William R. Woodin*, for the respondent.

BARNARD, P. J. :

There is some conflict in the testimony upon minor points, but upon the whole it is clearly proven that the defendant operated lines of telegraph wire along the road in question. That it maintained a telegraph pole at a point where there was an angle in the road, so that the tendency was that the pole would fall away from the road. This pole was quite close to the fence. To prevent the pole from falling away from an upright position, the defendant sank a stone close to the traveled part of the highway and fastened a wire to it and carried the wire to the telegraph pole above ground, and attached it to the pole; by means of this anchor and wire the pole was held firm. There were two apple trees on the same side of the road as the anchor stone, which, when in leaf, prevented the wire being seen by persons using the highway. There was a bank on the opposite side of the road, which forced the travel close to the sunken stone. The accident happened in August, 1886, and about six o'clock in the afternoon. The plaintiff was driving a team of horses along the road. A man with a wagon was ahead of him, and this man pulled his horses towards the bank to let plaintiff go by. The plaintiff turned out far enough to escape the wagon, and in doing this the wire caught the carriage of plaintiff between the box and the wheel and caused great injury to the plaintiff. He was pulled out of the wagon by the horses, which were freed from the carriage by the force of the collision with the wire. The question is a peculiar one in this, that both parties had a right to use the road. The plaintiff, because it was a public highway ; and the defendant, because of legislative permission to use the highway. The first question is which right is paramount. Highways are well established and defined in law. The right to use them as they have been accustomed to be used from time immemorial cannot be questioned. The right of the defendant is subject to the public

user. The defendant may not use the road so as to obstruct or render dangerous the public travel. If this correctly states the rights of the parties, a case of injury by negligence of defendant is clearly made out. The wire between the stone and the pole was not easily seen under favorable circumstances. The wire was so close to the road that it was a dangerous snare to travelers, and besides this the road was so narrow by reason of the bank, and the traveler's view was so obstructed by the trees that the jury was justified in finding the defendant guilty of negligence. The evidence fails even to make a debatable question in respect to the plaintiff's negligence. He did not see the wire because he could not for the trees and the invisible nature of a small wire between the stone and the pole. He turned out no further than was prudent to pass. The persons in each vehicle so testify; and the anchor was so close to the traveled part of the highway as to cause a collision under these circumstances. There are several exceptions to the refusal to charge specific requests. The general charge is faultless, and the requests were all either addressed to propositions which had no evidence to support them, or were addressed to the effect which certain findings upon particular facts would have upon the general question of negligence and contributory negligence, which was submitted to the jury upon the general evidence in the case. The refusals to charge on such propositions were not erroneous, where the charge as to the general question of negligence was plain and accurate. The damages found by the jury were moderate and fully justified by the evidence.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.