FRIESENHAN *v.* MICHIGAN TELEPHONE CO.

TELEPHONE COMPANIES—PERSONAL INJURIES—WIRES IN STREET—NEGLIGENCE — CONTRIBUTORY   NEGLIGENCE — QUESTIONS   FOR JURY.

> Plaintiff was injured, in the daytime, by driving against a guy wire of a telephone company, which had become loosened, and sagged across the street, by reason of a storm of snow, rain, and sleet.   The wire had been in the same condition for five days, and the telephone company claimed it was repairing its line as fast as it could obtain competent workmen. It had no knowledge that this particular wire was down. *Held,* that the case should have been submitted to the jury to determine the questions of negligence and contributory negligence.

Error to St. Clair; Thomas, J.   Submitted April 10, 1903.   (Docket No. 22.)   Decided September 15, 1903.

Case by Mathew Friesenhan against the Michigan Telephone Company for personal injuries.   From a judgment for defendant on verdict directed by the court, plaintiff brings error.   Reversed.

*George G. Moore* (*Cyrus A. Hovey,* of counsel), for appellant.

*Lincoln Avery* (*Avery Bros. & Walsh,* of counsel), for appellee.

HOOKER, C. J.   The map accompanying this opinion will show the situation of defendant's wires, which

extended along Water street in Port Huron. It is noticeable that Water street is not straight. From the elbow shown on the map, it extends west, and in erecting the wires it was deemed prudent to stay the pole west of the elbow, to prevent it from being drawn over to the west by the weight of the wires to the west of it, thereby

occasioning sagging. This stay consisted of a guy wire, fastened near the top of the westerly pole, and extending to the pole southeast of the elbow, and fastened about 10 feet above the ground. The poles were set just outside of the curb line, between the sidewalk and the curb, and the effect was to cause the guy wire to cross above the pavement.

The plaintiff, a milkman, was driving in his wagon, when his horse drew the wagon against the wire, and injured him. This was on Friday, in the daytime, and the wire had then sagged within a few feet of the ground. The defendant showed that on the previous Sunday a severe storm of snow, sleet, and rain, accompanied by wind and freezing weather, set in, and continued for 30 hours; that it was exceptionally severe, and very destructive to the poles and wires of telegraph, telephone, and electric-lighting systems, many poles and wires being broken, twisted, and down all over the city of Port Huron, as well as other cities, to the great danger of the public; that the streets were blocked with snow, and poles and wires covered with ice; and that the sagging of this guy wire was due to this cause. It was shown that defendant set its men at work repairing damages at once where it considered the danger the greatest, and procured what help it could, in addition to its regular force, but had difficulty in finding men who were competent, in view of the condition of wires about the State causing an unusual demand, and from the danger arising from the crossing of wires with others carrying high currents. The defendant had no notice of the sagging of this particular wire, which was one of many of its wires affected by the storm. The circuit judge directed a verdict for the defendant.

We are of the opinion that, under the evidence contained in the record, the case should have gone to the jury upon the question of defendant's negligence and plaintiff's contributory negligence.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.