# DAVIDSON v. UTAH INDEPENDENT TELEPHONE CO.

No. 1899. Decided August 2, 1908 (97 Pac. 124).

1. TELEGRAPHS AND TELEPHONES—MAINTENANCE OF TELEPHONE LINES IN STREET—INJURIES TO TRAVELER—EVIDENCE—INSTRUCTIONS— "STREET." Where, in an action against a telephone company for injuries to a driver on a street by coming in contact with an unprotected guy wire, the evidence showed that the wire was on what would have been the sidewalk, had a sidewalk been constructed, and that the entire street from lot line to lot line was open for travel, an instruction based on the theory that there was evidence justifying a finding that the wire was on a public street was not erroneous, since the word "street," as commonly understood, means a highway used by the public for travel, either by means of vehicles or on foot, and embraces all the area between the lots on either side.

2. MUNICIPAL CORPORATIONS—STREETS—USE AS HIGHWAY—ROADWAY. Where the full width of a street is open for travel, and there are no excavations, embankments, or visible objects to indicate that a portion thereof has been set apart or used as a sidewalk, a traveler thereon may use any part of it as may suit his convenience, and he is entitled to protection against the unlawful acts of others; but, where only a portion of the highway has been improved for travel, the traveler must remain within the traveled portion.[1]

3. TELEGRAPHS AND TELEPHONES—MAINTENANCE OF TELEPHONE LINES IN STREET—INJURIES TO TRAVELER—INSTRUCTIONS. Where in an action against a telephone company for injuries to a traveler on a street by coming in contact with an unguarded guy wire, the evidence showed that the wire had always remained unprotected, that there was nothing in the vicinity

-----

[1] Herndon v. Salt Lake City, 34 Utah 65, 95 Pac. 646.

thereof to warn travelers of its existence, except the wire itself, and that it could not be seen on a dark night, and the court charged that it was the duty of the city to keep its streets in a reasonably safe condition so that persons could pass through them safely by the exercise of ordinary care, and that a corresponding duty rested on the company with reference to its use or the streets for the maintenance of its poles and wires, an instruction that the company must use the same care as is required of the city itself, and that if the company maintained an unprotected guy wire in a street without placing guards around it to warn travelers of danger, and that by reason thereof travel was rendered dangerous, it was for the jury to say whether the same constituted negligence, was not misleading for failing to charge that it was the duty of the city to use reasonable care to keep its streets in a reasonably safe condition, and that the company was under a similar duty.

4. SAME—CARE TO PREVENT INJURY TO TRAVELERS. A telegraph or telephone company using a public street for the erection and maintenance of its poles and wires must exercise care to prevent injury to travelers on the street, and the care must be proportionate to the danger that may be reasonably apprehended from the location and nature of the appliances used. The greater the danger, the greater must be the care.

5. TRIAL—INSTRUCTIONS—ASSUMING UNPROVEN FACTS. It is not error to refuse requested instructions which assume the existence of facts not proved or admitted, and which are at variance with the evidence.

6. SAME—REQUESTS COVERED BY THE INSTRUCTIONS GIVEN. It is not error to refuse requested instructions covered in substance by those given.

APPEAL from District Court, First District; F. Erickson, Judge.

Action by Hyrum H. Davidson against the Utah Independent Telephone Company. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*Stephens, Smith & Porter* for appellant.

*Nebeker, Hart & Nebeker* for respondent.

The city must use reasonable care to keep its streets in a reasonably safe condition; sidewalks when constructed are for foot passengers and not for carriages or teams; when there are no sidewalks constructed, it is sufficient if there is a carriage way of sufficient width, properly constructed and protected by such railings as may be necessary. (*Macomber v. Taunton*, 100 Mass. 255; 2 Dillon on Municipal Corp., sec. 1019; *Kohlhof v. Chicago*, 192 Ill. 249.)

"There must be a duty owing by the defendant to the plaintiff, and there can be no negligence or breach of duty when there is no act or service which the party is bound to perform or fulfill." (*Frost v. Railroad*, 64 N. H. 220, 9 Atl. 790.)

The appellant's duty to use care must arise from respondent's right to have that care, and if respondent was a trespasser or was driving over this sidewalk or vacant ground because no one objected to him doing so, or if for personal convenience, he left the road and drove where he was when injured, he had no right there from which a duty could arise. (*Hudson v. Town* [Mass.], 28 N. E. 147; *City v. Hill*, 102 Pa. St. 378; *Kelley v. Fond du Lac*, 31 Wis. 179; *Keyes v. Macellus*, 15 N. W. 542; *Brown v. Skowhegan*, 19 Atl. 400; *Dickey v. Telegraph Co.*, 42 Me. 483.)

"There is always reasonable ground for apprehending accidents from obstructions in the highways, and any person who wrongfully places them there or aids in so doing, must be held responsible for such accidents as may occur by reason of their presence." (*Cohen v. Mayor*, 113 N. Y. 352; *McKune v. Santa Clara*, 110 Cal. 480; 15 Am. and Eng. Ency. Law [2 Ed.], p. 492; *Mosher v. Vincent*, 39 Iowa 607; *Dickey v. Telegraph Co.*, 46 Me. 483; *Chamberlain v. Enfield*, 43 N. H. 356; *Williams v. Railroad*, 93 Pac. 122; *Willey v. Portsmouth*, 35 N. H. 304.)

Indeed the courts have held that his duty imposes a lia-

bility upon cities or persons to refrain from creating defects outside the highway, if the boundary line is not indicated by visible objects, and the defect is within such close proximity to the traveled way that travel along the highway is rendered unsafe. (15 Am. and Eng. Ency. Law [2 Ed.], p. 454; *Yeaw v. Williams,* 23 Atl. 34; *Snow v. Inhabitants,* 1 Cush. 443; *Chamberlain v. Enfield,* 43 N. H. 356; *Cassedy v. Stockridge,* 21 Vt. 391; *Willey v. Portsmouth,* 35 N. H. 304.) Indeed, a post may be a dangerous defect, even when it is entirely out of the limits of the highway. (*Coggswell v. Inhabitants,* 4 Cush. 307; *Warner v. Holyoke,* 112 Mass. 362; *Hayden v. Inhabitants,* 7 Gray 338; *Biggs v. Huntington,* 9 S. E. 54.)

McCARTY, C. J.

This action was brought to recover damages for personal injuries sustained by plaintiff through the alleged negligence of defendant in maintaining an unprotected guy wire on one of the public streets of Logan City. The jury returned a verdict in favor of plaintiff for the sum of $750. To reverse the judgment entered on the verdict defendant has appealed to this court.

The record discloses facts about as follows: Defendant is a corporation, and at the time of the alleged injury to plaintiff was maintaining and operating a telephone system in Logan City under a franchise from said city. Under the franchise, which was granted March 30, 1905, defendant was permitted to erect and maintain telephone poles in the public streets upon which were strung its transmission wires. One line of these poles was constructed and maintained along the south side of Third North street about fifteen feet from the south line or side of the street. One of the poles stood about sixteen feet west of the southwest corner of the intersection of Third North and Fifth East streets. One end of an unprotected guy wire was attached to this pole at a point about twenty feet from the ground and the other end fastened to a post which was set in the ground about four feet from the south line of Third North street. The

portion of this guy wire near the ground was located upon what would have been the sidewalk had any part of the south side of the street been laid off and used as a sidewalk. There was no ditch, trench, or visible object of any kind in or upon the street to indicate the line of demarcation between the strip of ground that would have been the sidewalk had a sidewalk been platted and laid off and the balance of the street. The ground lying immediately south of the line of poles and abutting upon Third North street commencing at a point about half way between Fourth and Fifth East streets to the corner of Fifth East street was vacant property. There was an old road which passed along the street about three feet north of the guy wire and across this vacant ground. The evidence tended to prove, also, that there were other tracks showing that teams and vehicles prior to the erection of the telephone line in question had been accustomed to pass along that part of the street over which the unprotected guy wire extended and at the point where it was fastened near the ground. On the night of March 30, 1906, at about 11:30 o'clock, plaintiff was driving east along Third North street with his horses hitched to a buggy. According to his own testimony, which is not denied, he drove along the usually traveled portion of the street until he reached a point opposite the vacant lot mentioned, and where the road "was muddy and cut up and there was water;" that he then turned south to avoid the mud and water, passed through the line of telephone poles, and proceeded east again and traveled along the south side of the poles; that he followed what appeared to be a road and where there were recent buggy tracks; that the night was cloudy, and he could not see the wire, but could see the telephone poles; that, after following the wagon tracks along the south side of the poles some distance, his team turned into the old road hereinbefore mentioned; that he could not see the road himself. When the horses made the turn to get into the old road which led into the center of the street, the left or near horse came in contact with the unprotected guy wire hereinbefore referred to and the team jumped, drew the left front wheel

of the buggy under the guy wire, broke a singletree, and pulled plaintiff headforemost out of the buggy, and fractured his collar bone.

The errors assigned relate to certain of the court's instructions to the jury and the refusal of the court to instruct the jury as requested by appellant. Some of the instructions given to which appellant excepted were predicated upon the theory that there was evidence from which the jury might find that the wire in question was upon a public street. · Counsel for appellant claim that this was error, "for the reason that the evidence shows the guy wire . . . was upon the sidewalk, and not in the street." These assignments cannot be sustained. The word "street," as it is commonly used and understood, means a highway in a town or city used by the public for travel either by means of vehicles or on foot, and embraces all of the area between the lots on either side. (*Williams v. S. F. & N. W. Co.* [Cal. App.], 93 Pac. 122; *Board of Pub. Works v. Hayden,* 13 Colo. App. 36, 56 Pac. 201; *Little Rock v. Fitzgerald,* 59 Ark. 494, 28 S. W. 32, 28 L. R. A. 499; *Marini v. Graham,* 67 Cal. 130, 7 Pac. 442; *Heiple v. City of East Portland,* 13 Or. 97, 8 Pac. 907; 7 Words & Phrases, pp. 6689, 6690; Elliott on Roads and Streets, 20.) But counsel for appellant contend, if we correctly understand their position, that the word "street" in this kind of a case should be restricted to mean only that portion of the highway lying between the sidewalk areas on either side, and where, as in this case, no part of the street has been laid off, set apart, or used as a sidewalk, an imaginary line should be drawn between that part of the street which would constitute a sidewalk if one were established and the balance of the highway, and, if it were shown that the accident causing the injury complained of happened within the sidewalk area so established, a recovery could not be had, and that the court should have so instructed the jury. The rule, as we understand it, is that where, as in this case, the full width of the street is open for travel, and there are no excavations, trenches, embankments, or visible objects of any kind to indicate that

a portion of the street has been set apart or used as a sidewalk, a party traveling along such highway may use any part of it as may suit his convenience or taste, and he is entitled to protection against the unlawful acts of other persons or corporations.        (*Stinson v. Gardner,* 42 Me. 248, 66 Am. Dec. 281; *Dickey v. Maine Tel. Co.,* 46 Me. 483; *State v. Berdetta,* 73 Ind. 185, 38 Am. Rep. 117.)        Where, however, only a portion of the highway has been improved and opened up for travel, as was the case in *Herndon v. Salt Lake City,* 34 Utah   65,   95 Pac.   646,   a different rule   obtains.   In   such   case   it   is   the   duty   of   the traveler to remain within the traveled portion of the street. But, as we have pointed out, this is not that kind of a case, for there is evidence in the record which tends to show that the entire street from lot line to lot line was open for travel.

To what extent plaintiff's right to recover in this action would have been affected, if at all, had a sidewalk been established and in existence along the south side of the street at the time his team came in contact with the guy wire and caused the injuries complained of, we are not called upon to determine, and therefore express no opinion on that point.

The court charged the jury:        "That it is the duty of Logan City to keep its streets in a reasonably safe condition, so that persons can pass along and through the same safely by the exercise of ordinary care and prudence day or night; that the defendant, while it has a right, through the permission of the city, to use its streets for poles and wires, it must use the same care and prudence with reference to the same and safety of the public that the city itself is required to use; and, if you find that the defendant maintained an unprotected guy wire in one of the streets of the city, and connected from a pole placed in the street, and from the said pole to the ground in the street at a point about 15 feet from the base of said pole, at night, and without placing guards around or lights upon or near the same, or other contrivances intended to warn travelers of danger, and that by reason thereof travel along or across the street was rendered dangerous, it is for you to say whether the same constituted negli-

gence.'' Appellant excepted to this instruction, and now assigns the giving of it as error. It is contended that the instruction contains an inaccurate statement of the law respecting the duty of Logan City to keep its streets in a safe condition, and that the court should have charged the jury that it was the duty of Logan City to use reasonable care to keep its streets in a reasonably safe condition. Assuming, but not deciding, that that part of the instruction excepted to was, as an abstract proposition, erroneous, in that it exacted of the city a greater degree of care in keeping its streets in a reasonably safe condition than that imposed by law, we fail to see, and counsel for appellant have not pointed out, wherein the instruction could have misled the jury to appellant's prejudice. The jury were first told that it was the duty of Logan City to keep its streets in a reasonably safe condition, so that persons by the exercise of ordinary care could pass along and through them with safety, and then they were in effect told that a corresponding duty rested upon appellant with reference to its use of the streets for the maintenance of its telephone poles and wires. It is settled law that it is the duty of a telegraph or telephone company using a public street for the erection and maintenance of its poles and wires to exercise care and diligence to prevent injury to persons traveling along the highways in vehicles or on foot, and the care used must be proportionate to the danger that may be reasonably apprehended from the location and nature of the appliances used. The greater the danger, the greater will be the care and diligence required of the company. (Elliott on Roads and Streets, 821.) Now, in this case, the jury was in effect instructed that it was the duty of the appellant to so maintain its telephone line that persons by the exercise of ordinary care and prudence could with safety pass along the streets upon which the line was located. No claim is made that the appellant used reasonable care, or, for that matter, any care whatever, to prevent persons who might have occasion to travel along the street from coming in contact with the wire. And the record shows that this guy wire from the time it was placed

in the street to the time of the happening of the accident complained of was left unprotected, and there was nothing in the vicinity of the same to warn persons traveling along the street of its existence except the wire itself. And the evidence without conflict shows that it could not be seen on a dark night. We are of the opinion that the instruction when read and considered in its entirety was as favorable to appellant as the facts in the case warranted.

The assignment of error predicated upon the refusal of the court to give certain instructions asked for by appellant must also be overruled. Some of these requests assumed the existence of facts not proved or admitted and which were at variance with the evidence in the case, and the matters contained in the other requests were covered and in substance given by the court in its general charge to the jury.

We find no error in the record. The judgment is therefore affirmed, with costs.

FRICK, J., and LEWIS, District Judge, concur.