SOUTH TEXAS TELEPHONE COMPANY v. PEARL P. C. TABB.

Decided November 4, 1908.

**1.—Evidence—Objections not Made.**

The only objection urged on the trial .to testimony as to declarations by the injured person being that the question was leading, the inadmissibility of the declarations as res gestae could not be considered on appeal.

**2.—Evidence—Declarations—Expressions of Bodily Pain.**

Complaints of pain by the injured person were admissible in evidence, though made on the day after the injury.

**3.—Public Road—Obstruction—Guy Wire.**

A telephone company so placing its guy wire in a public road as to cause injury to one lawfully driving thereon, was not relieved from liability by the fact that no obstruction was caused to the part of the road graded and traveled. It was proper to refuse a charge so relieving it, and to submit to the jury whether the wire was so placed as to incommode the public.

**4.—Negligence—Definition.**

Charges defining negligence and contributory negligence held substantially correct.

**5.—Public Street—Liability for Obstructions.**

Evidence considered and held sufficient to connect defendant, a telephone company, with the ownership and maintenance of a wire obstructing a public road, where such connection was, apparently, not a controverted question.

**6.—Practice on Appeal.**

A judgment will not be reversed on account of mere conflict in the testimony.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*Stevens & Pickett* and *Sleeper, Boynton & Kendall,* for appellant.—
Since telephone companies are permitted by statute to place their poles
and wires in the public roads, provided the same is done in such a man-
ner as not to incommode the public, the placing of such wires and poles
within the right of way of a public road owned by the county, but not
upon the graded and traveled portions of such public road, is not negli-
gence, hence where a person is injured by coming in contact with an ob-
struction placed by a telephone company on the right of way, but not
on the traveled part of the public road, she is not entitled to recover
damages.—Art. 698, Sayles' Statutes; City of Austin v. Ritz, 72 Texas,
391; Sheffield v. Central Union Tel. Co. (Ohio), 36 Fed., 164; Marshall
v. Ipswich, 110 Mass., 552; Hull v. Richmond, 2 Woodb. & M. (U. S.),
337; Wellington v. Gregson, 31 Kan., 99, 47 Am. Rep., 482; Dickey v.
Maine Tel. Co., 46 Me., 483; Philbrick v. Pittson, 63 Me., 447; Perkins
v. Fayette, 68 Me., 152, 28 Am. Rep., 84; Blake v. Newfield, 68 Me.,
365; Farrell v. Oldtown, 69 Me., 72; Morse v. Belfast, 77 Me., 44;
Brown v. Skowhegan, 82 Me., 273; Tasker v. Farmingdale, 85 Me., 523;
Macomber v. Taunton, 100 Mass., 255; Harwood v. Oakham, 125 Mass.,
421; Carey v. Hubbardston, 172 Mass., 106; Kellogg v. Northampton,
4 Gray (Mass.), 65; Smith v. Wendell, 7 Cush. (Mass.), 498; Howard v.
North Bridgewater, 16 Pick. (Mass.), 189; Pringle v. Miller, 111 Mich.,
663; Keyes v. Marcellus, 50 Mich., 439; Wiley v. Portsmouth, 35 N. H.,
303; Graves v. Shattuck, 35 N. H., 258, 69 Am. Dec., 536; Dougherty v.
Horseheads, 159 N. Y., 154; Scranton v. Hill, 102 Pa. St., 378, 48 Am.
Rep., 211; Monongahela City v. Fischer, 11 Pa. St., 9, 56 Am. Rep.,
241, 13 Am. & Eng. Corp. Cas., 431; Rice v. Montpelier, 19 Vt., 470;
Sykes v. Paulet, 43 Vt., 446, 5 Am. Rep., 295; Ozier v. Hinesburgh, 44
Vt., 220; Kelley v. Fond du Lac, 31 Wis., 179; Hawes v. Fox Lake, 33
Wis., 443; Matthews v. Baraboo, 39 Wis., 677; Prideaux v. Mineral
Point, 43 Wis., 523, 28 Am. Rep., 558; James v. Portage, 48 Wis., 681;
Cartright v. Belmont, 58 Wis., 373; Goeltz v. Ashland, 75 Wis., 642;
Rhyner v. Menasha, 97 Wis., 523.

[Sixth assignment of error]. The court erred in the second para-
graph of his charge, as follows: "The term 'negligence,' as the same is
used in this charge, is the failure to use that degree of care which per-
sons of ordinary prudence would use under the same or like circum-
stances." Houston & T. C. Ry. Co. v. Oram, 49 Texas, 341; Texas &
N. O. R. Co. v. Black, 44 S. W., 675.

[Seventh assignment of error.] The court erred in the third para-
graph of his charge, as follows: " 'Contributory negligence' is negligence
which contributes toward causing the accident and without which the
accident would not have happened." Missouri, K. & T. Ry. Co. v. Oslin,
26 Texas Civ. App., 370.

Proof that the telephone line which caused the injury was known as
the "South Texas" is not sufficient to show that such line was placed in
a public road by the South Texas Telephone Company, and to entitle the
plaintiff to recover against the South Texas Telephone Company. Car-
hart v. Britt, 3 Texas App. C., sec. 373; Shields v. Hunt, 45 Texas, 427;
McRee v. Brown, 45 Texas, 506; Brown v. Marquez, 30 Texas, 78;
Townsend v. Ratcliff, 50 Texas, 152; Selman v. Orr, 75 Texas, 530;
Faver v. Robinson, 46 Texas, 205; Harkness v. Devine, 73 Texas, 628;

Collins v. Ball, 82 Texas, 267; Dodge v. Phelan, 2 Texas Civ. App., 448; Southern Pac. Co. v. Block, 84 Texas, 22.

*Marshall & Marshall,* for appellee.—The charge requested asked the court to instruct affirmatively that the location of the guy wire and pole in the manner so located was not in a manner that incommoded the public in the use of the road; while it is a question for the jury, under all the facts and circumstances, to say whether it was located in a manner to incommode the public in the free use of said road. And this issue was submitted by the court in its general charge. Alice, W. C. & C. C. Tel. Co. v. Billingsley, 33 Texas Civ. App., 452; City of Austin v. Ritz, 72 Texas, 391; Galveston, H. & S. A. Ry. Co. v. Butchek, 3 Texas Ct. Rep., 953; Robinson v. State, 44 S. W., 509; Wellington v. Gregson, 47 Am. Rep., 482; Perkins v. Fayette, 68 Me., 152; Graves v. Shattuck, 69 Am. Dec., 536; Wyandotte v. Gibson, 25 Kans., 236; Osage City v. Brown, 27 Kans., 74; Winter v. Peterson, 61 Am. Dec., 678; State v. Mobile, 30 Am. Dec., 564; Allegheny v. Zimmerman, 95 Pa. St., 287; 2 Dill. on Corp., sec. 1019; 15 Am. & Eng. Ency., 491; Kelly v. Fond du Lac, 31 Wis., 186; Joyce v. Barrington, 118 Mass., 463.

The telephone company has no right to use the public roads except as that right is given by statute, and that right must be construed and followed strictly, and if the use is beyond the mode prescribed by statute the company is a trespasser; and that all the road is intended primarily for the use of the public, and the telephone company is merely a licensee, and what part of same is actually used and should be used by the public is a question to be decided from all the facts and circumstances of the particular case. City of Austin v. Ritz, 72 Texas, 391; Robinson v. State, 44 S. W., 509; Alice, W. C. & C. C. Tel. Co. v. Billingsley, 33 Texas Civ. App., 452; Wellington v. Gregson, 47 Am. Rep., 482; 15 Am. & Eng. Ency. Law, 491.

The proof was amply sufficient to show that the guy wire and telephone line in question was that of the South Texas Telephone Company, and that it was maintained and operated by said company. The witness Hanshaw, after testifying as to there being a telephone line from Dayton to Stilson along the public road, in answer to the question, "What telephone line is that?" answered, "The South Texas." Charles Wilson testified that he went out there and took measurements at the instance of the defendant company, and that the wire was pointed out to him by Mr. Hunnicutt and representatives of the South Texas Telephone Company. Where the evidence is shown by the record to be meager, considering the whole case, the appellate court will not reverse the case, and this especially on an issue that is not contested. Ross v. Fitch, 58 Texas, 151; Railway Co. v. Lee, 69 Texas, 560; Bedwell v. Bedwell, 71 S. W., 983.

FISHER, CHIEF JUSTICE.—This is a suit by appellee against the telephone company to recover damages on account of injuries sustained by being thrown from a buggy in which she was riding coming in contact with a guy-wire extending from a telephone pole on and to a public road in such a manner as to incommode the public. The ground of

negligence alleged is that the telephone company negligently placed its guy-wires such a distance within the public road as to incommode the traveling public. There was a verdict and judgment in favor of appellee for $2,000.

We find that there is evidence which supports the verdict on the ground of negligence substantially as alleged. The telephone company located the guy-wire partially in the public road, and the appellee, in the nighttime, in attempting to pass another vehicle while riding in a buggy, came in contact with the wire and was thrown from the buggy and sustained injuries substantially as described by her. There is evidence which justifies the conclusion that she was in the exercise of ordinary care when she was injured, and that the telephone company, while having the right to use the public road, was guilty of negligence in locating the wire where it was placed, and that such location was of a nature calculated to incommode the traveling public in the use of the public road.

Appellant's first assignment of error is that the court erred in permitting Mr. and Mrs. Tabb to testify as to what the plaintiff told them about her injuries. Mr. Tabb was the father of the plaintiff, and testified that he saw his daughter the next day after the injury, and that she seemed to be complaining of her head—complained that the pain commenced where the neck joins the head and went to the front, over one of the eyes. The proposition submitted under this assignment complains that it was not admissible, because it does not fall within the rule of *res gestae*. No such objection as this was made at the time of the introduction of this testimony. The bill of exception shows merely that it was objected to as leading, and that it called for the conclusion of the witness. It is well established that the appellate court will not consider an objection to the evidence not urged in the court below. Wheeler v. Tyler S. E. Ry. Co., 91 Texas, 356. While the assignment also complains of the admission of the evidence of Mrs. Tabb, we do not find that any objection was urged in the court below to her testimony. This is all that it is necessary to say in order to dispose of this assignment; but, however, if the question was presented so that we would have to pass upon it, we are clearly of the opinion that the evidence was admissible. St. Louis S. W. Ry. v. Gill, 55 S. W., 386; Wheeler v. Tyler S. E. Ry., 91 Texas, 356; St. Louis Ry. Co. v. Haynes, 13 Texas Ct. Rep., 25. The evidence as to what was said by the daughter is not a mere recital of a past occurrence or condition, but was a statement accompanying and explaining a present physical condition from which she was then suffering.

The proposition submitted under appellant's third and fourth assignments of error is to the effect that the plaintiff should not be permitted to recover because the wire which caused her injuries was not upon the graded and traveled portion of the public road. In other words, that the public is confined in the use of the road to that part of it which is graded and traveled by the public. Article 698 of Sayles' Civil Statutes provides that corporations created for the purpose of constructing and maintaining telegraph lines, poles, etc., are granted the privilege of using the public roads, streets and waters of the State, provided they do so in such a manner as not to incommode the public. The court submitted to the jury the question as to whether the guy-wire was so located in the road as to incommode the traveling public, and the effect of the find-

ing of the jury is that the telephone company was guilty of negligence in locating the guy-wire where it was placed. There is abundant evidence in the record establishing this proposition. The public is not in all instances confined to the graded portion of the road, or the part habitually used by the public, but circumstances might arise in which the public would be entitled to use that part of the road which has not been graded. There is nothing in the law that confines the public solely to the graded part of the road, but the right conferred upon the telephone company is merely a privilege to use the public road under circumstances so as not to discommode the public, and that, as before said, was a question for the jury to determine.

Appellant's sixth assignment of error complains of the court's definition of negligence. The seventh assignment complains of the court's definition of contributory negligence. Both of these assignments are overruled. The definitions given in the charge were substantially correct.

The twelfth assignment is to the effect that the evidence fails to show that the South Texas Telephone Company placed obstructions in the road. The evidence, in our opinion, is sufficient to establish the fact that the South Texas Telephone Company was guilty of placing the obstruction in the road. It is unnecessary to set out the evidence bearing upon this question; enough is said in appellee's brief in reply to this assignment to show the identity and connection of this company with the act of negligence complained of.

The eleventh assignment of error is overruled. Mere conflicting or contradictory statements of witnesses for plaintiff is not sufficient ground for setting aside the verdict; but, however, in this respect we are not prepared to say that the contradiction was of such a character that it could not be explained, or was of a nature to discredit the testimony of the witnesses in behalf of the plaintiff.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.