UNGLAUB, Appellant, v. FARMERS' MUTUAL TELEPHONE COMPANY, Respondent.

(164 N. W. 104.)

(File No. 4228.   Opinion filed August 30, 1917.)

1. **Highways—Telephone Line, Right to Highway—Poles Bordering Highway, Whether Obstruction.**

    Telephone poles set along one side of a highway do not in themselves constitute an unwarranted obstruction thereof.

2. **Telegraphs and Telephones—Highways, Right to Use—Negligent Construction or Maintenance of Lines, Liability—Statute.**

    The right to use a public highway by setting telephone poles against the fence along the highway line, created by Civ. Code, Sec. 563, does not relieve the telephone company from liabilities for injury to persons caused by negligent or improper construction or maintenance of its line.

3. **Same—Dangerous Obstruction of Highway, Rights Involved.**

    A telephone company had no right to construct its line in a highway in such manner as to place an unnecessary and dangerous obstruction therein.

4. **Same—Negligence, Injury to Horseback Rider—Evidence, Question for Jury—Guy Wire, Proper Mode of Placing in Highway.**

   In a suit for injury from being cast from a saddle while plaintiff on horseback was pursuing livestock in the highway, **held,** that undisputed testimony of a witness having much experience in such construction, that the proper mode of placing the guy wire between a telephone pole and an anchorage in the highway, was to connect it overhead with another pole on opposite side of highway instead of anchoring it on the ground within the highway, raised a question for jury upon which it might have found that said guy wire anchored to the ground was a dangerous and unnecessary obstruction.

5. **Same—Guy Wire in Highway, Injury to Horseman From—Contributory Negligence—Question for Jury.**

   In a suit for injury to plaintiff by being thrown from his saddle by a telephone pole guy wire while swiftly riding on horseback after dark in pursuit of livestock along the side of the highway opposite that of the traveled part of the road, **held,** that such an act is not in itself conclusive evidence of contributory negligence; but whether his act was proper or necessary, under circumstances showing it was so dark he could not see obstructions in the highway, or was unnecessary, reckless and negligent, was for the jury.

6. **Same—Injury from Wire—Guy Wire in Highway, Construction and Maintenance—Plaintiff's Contributory Negligence, Defendant's Negligence, Questions for Jury.**

   In such action, it appearing that the entire width of the highway, although ungraded, was level prairie land, the fact that the track most traveled was nearer the eastern, instead of the western boundary where plaintiff was riding, is not controlling; and the question of defendant's negligence in constructing and maintainig the guy wire, and of plaitiff's contributory negligence, should have been submitted to jury.

   Whiting, J., not sitting.

Appeal from Circuit Court, Gregory County. Hon. WILLIAM WILLIAMSON, Judge.

Action by George Unglaub, against the Farmers' Mutual Telephone Company, a corporation, to recover damages for injury to plaintiff by a telephone guy wire. From a judgment for defendant, and from an order sustaining defendant's motion for a directed verdict, plaintiff appeals. Orders reversed and cause remanded for new trial.

(2) To point two of the opinion, Appellant cited: Spearbacker v. Town of Larrabee, 25 N. W. 555; Bowman v. Ogden City, 93 Pac. 561.

Respondent cited:    City of Mitchell v. Dakota C. Tel. Co.,
127 N. W. 584.

(3) To point three of the opinion, Appellant cited.    Thomp-
son v. Reed, (S. D.) 135 N. W. 679; Weaver v. Dawson County
Mut. Telephone Co., 118 N. W. 650.

(5) To point five of the opinion, Appellant cited:    Doan v.
Town of Willow Springs, 76 N. W. 1104; Bonjour v. Iowa Tele-
phone Co., 155 N. W. 286; Pacific Telephone & Telegraph Co. v.
Parmenter, 170 Fed. 140, 144; Snee v. Clear Lake Telephone Co.,
123 N. W. 729.

(6) To point six of the opinion, Respondent cited:    15 Am.
& Eng. Ency. of Law (2d. Ed.) p. 451, and cases cited; 37 Cyc.
Streets and Highways, p. 289; 37 Cyc. p. 289; 55 A. 175, 203
Pa. 256; 93 Am. St. Rep. 767; Howard v. Flathead Independent
Telephone Co. (Mont.) 141 Pac. 155; Delaware and Madison
Counties Telephone Company v. Fleming, 102 N. E. 165.

SMITH, J.    Plaintiff, who is appellant, was assisting one
Lafay in driving cattle to market along a public highway running
south from Lafay's farm.    At the same time Lafay was starting
to market a number of wagon loads of hogs.    All seem to have
started about the same time, near 4 o'clock on the morning of
May 3d.    The defendant, a corporation, had constructed a tele-
phone line on the west side of the highway; the poles standing
against the fence, running south from Lafay's place, to a point
where the telephone line left the highway and proceeded in a
southwesterly direction.    At the point where this turn was made,
defendant company had placed a pole with a guy wire attached
thereto about 13 feet above the ground, extending some 9 or 10
feet east into the highway, where it was securely anchored in the
ground.    When the cattle were turned out of Lafay's yards, they
started south at a rapid gait, on the west side of the highway, past
the loaded wagons.    Plaintiff, on horseback, pursued the cattle
along the west side of the road about as fast as his horse could
run, until he reached the point where the guy wire extended into
the highway.    He testified that it was so dark he did not and
could not see the telephone poles or the wire.    His horse hit and
passed under the guy wire, which hit him in the mouth, and he
was thrown from his horse, receiving more or less serious injuries.
At the point where the accident occurred, the traveled portion of

the highway was near the east fence, and was 12 or 14 feet wide; its west line being perhaps 12 or 15 feet from the point where the guy wire entered the ground. The entire highway was level and ungraded, and was covered with prairie grass, except the traveled portion.

[1, 2] Plaintiff alleges negligence on the part of defendant in improperly constructing its lines, and maintaining an obstruction in the public highway. The defendant company was lawfully occupying the public highway; the telephone poles were set against the fence along the west line of the highway, and in themselves clearly did not constitute an unwarranted obstruction thereof. The right to so use a public highway is created by section 563 of the Civil Code. Mitchell v. Dakota Tel. Co., 25 S. D. 409, 127 N. W. 582; Snee v. Clear Lake Tel. Co., 24 S. D. 361, 127 N. W. 729. But the right to so use the highway does not relieve the company from liability for injuries to persons caused by negligent or improper construction or maintenance of its lines. Louisville Home Tel. Co. v. Gasper, 123 Ky. 128, 93 S. W. 1057, 9 L. R. A. (N. S.) 548; Wilson v. G. S. Tel. Co., 41 La. 1041, 6 South. 781; Friesenhan v. Mich. Tel. Co., 134 Mich. 292, 96 N. W. 501; Sheldon v. W. U. Tel. Co., 51 Hun, 591, 4 N. Y. Supp. 526; Id., 121 N. Y. 697, 24 N. E. 1099; So. Texas Tel. Co. v. Tabb, 52 Tex. Civ. App. 213, 114 S. W. 448; Davidson v. Utah Independent Tel. Co., 34 Utah, 249, 97 Pac. 124; 37 Cyc. 1639 (D).

[3] Defendant had no right to construct its lines in such manner as to place an unnecessary and dangerous obstruction in the highway. The undisputed testimony of one of plaintiff's witnesses, who had much experience in such construction, was to the effect that the proper mode of placing such a guy wire was to connect it overhead with another pole on the opposite side of the highway, instead of extending it into and anchoring it within the highway. Under this evidence, the jury might have found that the guy wire which caused plaintiff's injuries was a dangerous and unnecessary obstruction.

[4] Respondent, however, most earnestly contends that appellant was guilty of contributory negligence in leaving the traveled, and proceeding at great speed on horseback along the untraveled, portion of the highway, when according to his own testimony it was so dark he could not see obstructions in the highway. Such

an act is not, in itself, conclusive evidence of contributory negligence. Plaintiff was in lawful use of the highway, in pursuit of his legitimate business, and in such manner as in his own judgment the exigencies of the occasion demanded. Whether his act was proper or necessary, under the circumstances, or was unnecessary, reckless, and negligent, was certainly a question for the jury. Respondent relies largely upon the case of Howard v. Flathead Tel. Co., 49 Mont. 197, 141 Pac. 153. That case holds that the act of a telephone company in maintaining a guy wire upon that portion of a public highway not intended for travel is not negligence per se. In that case a narrow portion of the entire width of the highway had been graded and prepared for travel; the remaining width being unfit for travel. The guy wire was outside of, but near, the graded part. The court says:

"In the present instance the utmost that can be said of appellant's act in attaching its guy wire so near the traveled roadway is that it was a question for the jury whether it constituted negligence."

[5] In the present case, the entire width of the highway, although ungraded, was level prairie land, fit for and subject to public travel, and the fact that the track most traveled was nearer the eastern boundary of the highway is not controlling. The questions of negligence of the defendant in constructing and maintaining the guy wire, and of the contributory negligence of plaintiff, should have been submitted to the jury.

The order of the trial court is reversed, and the case remanded for a new trial.

WHITING, J., not sitting.