ATHENS ELECTRIC LIGHT & POWER CO.
v. TANNER.   (No. 8393.)

(Court of Civil Appeals of Texas. Dallas.
Nov. 20, 1920.)

1. **Electricity** ⬅19(2) — **Allegations sufficient to place injurious guy wire in street or close to it.**

In an action against an electric light and power company for injuries to a horseman who became entangled with a guy wire, allegations of the petition, however slipshod, *held* sufficient on general demurrer to place the wire either in a street or so close upon it as to imply the requirement of reasonable protection of travelers from contact with it, so that proof establishing the company's duty to protect travelers from such injuries, and that plaintiff's injuries were the direct and proximate result of breach of such duty, was admissible.

2. **Electricity** ⬅14(2)—**Maintaining unguarded wire near road negligent if injury would result.**

If an electric power company's guy wire was so situated with reference to a roadway and so near as to be adjoining it, and if its situation with reference to the known general uses of the roadway was such that the com-

pany might have foreseen by the exercise of reasonable care that some injury would probaby result to persons traveling the roadway if the wire was not shielded, the company was guilty of negligence toward a horseman injured thereby.

**3. Electricity ⑤~19(2)—Allegations relative to guy wire sufficient to aver negligence.**

Allegations of petition of horseman injured by defendant electric power company's guy wire in or near a roadway *held* sufficient to aver an act of negligence on the part of defendant company.

**4. Electricity ⑤~19(2)—Allegations held not to make horseman's act in riding on guy wire proximate cause of his injury.**

Allegations of petition against electric power company for injuries to plaintiff horseman, who became entangled in the company's unguarded guy wire in or near a roadway, *held* not to have made plaintiff's own acts in riding out of the roadway and on the guy wire the proximate cause of his injury.

**5. Negligence ⑤~56(1) — "Proximate cause" defined.**

"Proximate cause" is that which in a natural and continuous sequence, unbroken by any new independent cause, produces the event, without which the event would not have occurred; it not being necessarily the cause which by measure of space or time stands next in proximity to the occurrence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

**6. Trial ⑤~194(7)—Charge referring to undisputed evidence not on the weight of evidence.**

A charge, in an action for personal injuries, that the undisputed evidence showed that an electric light was at a certain point, is not a charge on the weight of the evidence.

**7. Appeal and error ⑤~1066—Instruction misstating what evidence showed held harmless.**

In an action against an electric light and power company for injuries to plaintiff horseman who became entangled in an unguarded guy wire within or near a roadway, statement by the trial court in charging that the undisputed evidence showed that the electric light was "at just north of, and adjacent to, the street and road, where the alleged injury occurred," though erroneous as to the position of the light, was harmless error; there being evidence probably sufficient to sustain finding that the light was in the street itself.

**8. Electricity ⑤~18(1)—Horseman not confined to traveled part of road with reference to liability of electric company for unguarded guy wire.**

A horseman driving cattle along a public road which had no sidewalks, in the evening, was not confined to the traveled part of the road, where the wagons had made ruts, or even to the graded portion, with reference to subjecting an electric power company to liability for injuries to him from an unguarded guy wire in or near the roadway.

**9. Negligence ⑤~136(20) — Distance of dangerous place from roadway necessary to free from liability person responsible a jury question.**

What distance in measurement from a public road a dangerous place must be in order not to be in close proximity with the road to free a person from responsibility for the place, and also from responsibility for injuries therein to a traveler, is a question for the jury to determine under the facts.

**10. Electricity ⑤~19(6)—Question of power company's negligence in leaving guy wire unguarded a jury question.**

In an action against an electric power company for injuries to a horseman who became entangled in an unguarded guy wire in or near a public roadway, question of the power company's negligence in leaving a dangerous thing near the roadway unguarded *held* for the jury under the evidence.

**11. Appeal and error ⑤~1056(1)—Exclusion of ordinance harmless to defendant which tendered no proof of violation by plaintiff.**

In an action against an electric power company for injuries to a horseman who became entangled in an unguarded guy wire in or near a public roadway along which he and another were driving nine cows, exclusion from evidence of ordinance prohibiting the driving of loose cattle over and across roadways without sufficient help to keep them off sidewalks and private property *held* harmless to defendant power company, which tendered no proof of any facts showing violation thereof by plaintiff.

Appeal from District Court, Henderson County; John S. Prince, Judge.

Suit by D. A. Tanner against the Athens Electric Light & Power Company. From judgment for plaintiff, defendant appeals. Affirmed.

S. M. Kerr, of Corsicana, and W. R. Bishop, of Athens, for appellant.

Miller & Miller, of Athens, for appellee.

HAMILTON, J. This suit was instituted by appellee to recover damages for personal injury alleged to have been proximately caused by the negligence of appellant in failing to incase with a visible shield a guy wire attached to a light pole in or near a street in the town of Athens.

Appellee alleged that on January 21, 1919, he was riding horseback and driving cattle along the street, and that while he was riding after the cattle his horse got astraddle of the wire and became frightened, and that at the same time he came in contact with and saw the wire himself and bowed down to pass under it, but that the action of the horse, together with his own entanglement with the wire, caused him to fall to the ground and break his arm. He alleged that he could not see the wire and could not know its location, because there was no shield or covering on it by which it could be seen.

Appellant demurred to the petition and answered denying the allegations, pleading contributory negligence, and affirmatively alleging that appellee rode his horse out of and away from the street to the location of the guy wire and thereby came in contact with it and received his injury and hence could not recover; and also pleading that at the time and place of the injury appellee was driving loose cattle over and across streets and roadways and private property without sufficient assistance to keep them off of sidewalks and private property, in violation of an ordinance of Athens, specially pleaded.

The case was tried before the court and a jury. The verdict and judgment were against appellant, and it prosecutes this appeal.

Appellant vigorously argues that its general demurrer ought to have been sustained because the petition alleges a set of facts which show that the injuries complained of proximately resulted from appellee's own negligent acts, and not from the negligence of appellant in failing to perform any duty to prevent injury to him, contending that the petition discloses that appellee rode his horse out of the public road to the location of the guy wire, which was where appellant owed no duty to protect any person from injury caused by it.

The allegations of the petition as to where the guy wire was with reference to the street are not altogether clear. It is alleged that appellant "had erected on one of the roads or streets in the west portion of the said city of Athens, and near said road or street, a post which was fastened or stationed with at least one guy wire extending from the top of said post to the ground. * * * " Elsewhere it is alleged that the post and guy wire were established and erected "next to and adjoining" a public street or road in Athens—a popular street in constant use by people traveling upon it by means of all the various modes of travel upon such highways and extending through a densely populated portion of the town.

Again, it is alleged that the defendant and its employés negligently placed "said post and guy wire on and near the said street or road; that the said guy wire and post are within 3 or 4 feet of the said street or road that is continuously occupied and used by travelers with buggies and automobiles, wagons, and horseback riders."

[1] Under a construction to test the effect of a general demurrer, these allegations, taken in connection with all others the petition contains, we think sufficient, however slipshod they may be, to place the wire either in the street or so close upon it as to imply the requirement of reasonable protection of travelers from contact with it and render available to appellee the introduction of proof which might establish facts from which the jury could rightfully conclude that the law imposed a duty upon appellant to protect travelers in appellee's situation from such injuries

as he received, or similar injuries, and that his injuries were the direct and proximate result of a breach of that duty. In other words, the allegations are such as to show negligence on the part of appellant proximately causing appellee's injuries.

[2, 3] We do not understand that in order to show actionable negligence the pleadings must allege an actual, physical appropriation of the roadway itself by the manner of use of the guy wire which caused the injury. The owners of private property abutting upon a public thoroughfare, especially in a town or city where it is subjected to the extraordinary uses imposed upon highways in thickly populated centers, are declared to owe a legal duty to exercise reasonable care for the protection of travelers from unintended injury caused by dangerous things placed immediately against the road on their premises. Even if the allegations in this case are such that appellee might possibly be said to have alleged the guy wire not to be in the roadway itself, yet, if it were so situated with reference to the roadway and so near as to be adjoining it and if its situation with reference to the known general uses of the road were such that the appellant might have foreseen, by the exercise of reasonable care, that some injury would probably result to persons traveling the road if the wire were not shielded, then appellant would be guilty of negligence. And in any view we can take of the allegations, they were sufficient to allege an act of negligence. South Texas Tel. Co. v. Tabb, 52 Tex. Civ. App. 213, 114 S. W. 448; City of Ft. Worth v. Williams, 55 Tex. Civ. App. 291, 119 S. W. 137; Unglaub v. Farmers' Mutual Tel. Co., 39 S. D. 355, 164 N. W. 104; Davidson v. Utah Independent Tel. Co., 34 Utah, 249, 97 Pac. 124.

[4, 5] We think appellant's proposition that the allegations make appellee's own acts in riding out of the roadway and upon the guy wire the proximate cause of the injury is untenable. "Proximate cause" is defined to be that which, in a natural and continuous sequence, unbroken by any new independent cause, produces the event, and without which the event would not have occurred. See chapter 2, vol. 1, Shearman and Redfield on the Law of Negligence. It is not necessarily the cause which, by measure either of space or time, stands next in proximity to the occurrence. It is that which sets in motion the continuous, uninterrupted happenings which naturally produce the injury. It is the causa sine qua non; and, while appellee would not have fallen and broken his arm except for the movements of his frightened horse coupled with his own efforts to dodge under the guy wire, the presence of the wire either actually in the highway or next to and adjoining it without a shield which could be seen alone brought about that situation.

[6, 7] We overrule the second assignment of error, which complains of the court's saying

in the charge to the jury that the undisputed evidence shows that the electric light was erected "at just north of, and adjacent to, the street and road, where the alleged injury occurred." This is not on the weight of the evidence so as to authorize appellant to complain. However, we do not understand the undisputed evidence to be to the effect that the light was just north of and adjacent to the street. There seems to be evidence that the pole to which the light was attached was upon land which was set apart from private use to street use. The plaintiff testified:

"That street down there in front of Mr. J. M. Luker's, where the accident occurred, is a public street and used by the people frequently and numerously. * * *"

He also testified:

"The post and guy wire is just to the left of the road, but so far as the thoroughfare is concerned the post and wire are in the thoroughfare."

The testimony for both parties was to the effect that the pole and guy wire were from 4 feet to 8 feet north of that part of the street along which the wagon road extended. Appellant's witnesses testified that the pole and wire were located north of the graded portion of the street a distance varying from 18 inches to 30 inches. J. M. Luker testified that the guy wire was right in the edge of the street and said it was "mighty near in the street." He testified that there are no sidewalks and that the street line is not definitely determined, and said:

"I expect, if the street was measured clear out to where it ought to go, it would take that post in."

The appellant itself proved that the pole was placed in its position under express authority of a franchise. This must be taken as indicating that it was at a point mutually recognized as being on a street. And so it seems to us that, if there is any objection to the charge on this feature, it is that it told the jury the undisputed facts showed the light was erected north of and adjacent to the street, notwithstanding the presence of evidence in the record probably sufficient to sustain a finding that it was in the street itself. But such objection is not available to appellant, because this charge could have done it no harm under the state of the evidence.

The assignments of error from the third to the seventh, inclusive, all involve the assumption that appellee had departed from the public road or street when he was injured; that he was at no place where appellant owed him any duty at the time he was injured; but that he was a trespasser whose own carelessness and negligence produced the injury. And proceeding upon the assumption of these views, the charge of the court upon negligence and upon contributory negligence and the court's declining to give peremptory charges for appellant are all criticized by it. However, we have carefully considered the charge given and those special charges requested and refused, and under the evidence we think the charge was substantially sound and that the action of the court in refusing those requested by appellant ought to be sustained.

[8, 9] The evidence is indefinite and uncertain with reference to whether or not the guy wire and post were located at a place in the street or at a place outside of and beyond it. But, as stated above, there is no evidence which seems to establish their location at a distance greater than from 4 feet to 8 feet from the traveled part of the road and not greater than 30 inches from the graded part of the road. Appellee was not confined to the traveled part of the road where the wagons had made ruts, nor even to the graded portion, and the evidence sufficiently explains and justifies his going out of these portions.

"The public is not in all instances confined to the graded portion of the road, or the part habitually used by the public, but circumstances might arise in which the public would be entitled to use that part of the road which has not been graded. There is nothing in the law that confines the public solely to the graded part of the road. * * *" South Texas Tel. Co. v. Tabb, supra.

It appears to be undisputed that there were no sidewalks or fences extending along the street, and that its boundaries were not indicated by visible objects of any kind so that a traveler might know the location of its confines. Under these circumstances, a traveler in the evening, when such objects as a guy wire are hidden from his vision in the twilight or darkness, and there being nothing to show him that his course is not within the specific way ordinarily used for public travel, has a right to pursue the general course and direction of the road, and if in so doing he goes outside the limits of the commonly used and beaten roadway and is injured by an object so near the roadway as to be dangerous to one lawfully using the highway, and there being nothing to give the traveler notice of the presence of the danger until too late to avoid it, a right of recovery exists. As to what distance in measurement from the road itself the dangerous place must be in order not to be in close proximity with the road is a practical proposition which the law does not undertake to define, but leaves to the sound judgment and practical experience of the jury to determine under the facts of the case. Davis v. Hill, 41 N. H. 329; Denver v. Solomon, 2 Colo. App. 534, 31 Pac. 507; Warner v. Holyoke, 112 Mass. 362; South Tex. Tel. Co. v. Tabb, 52 Tex. Civ. App. 213, 114 S. W. 448; Davidson v. Utah Independent Tel. Co., 34 Utah, 249, 97 Pac. 124; Howard v. Flathead Independent Tel. Co., 49 Mont. 197, 141 Pac. 153; Grant v. Sunset Tel. Co., 7 Cal. App. 267, 94 Pac. 368.

[10] If the wire was in the street, certainly it was proper for the jury to determine from the evidence whether or not the injury was the proximate result of negligence attributable to appellant in failing to shield it, and, if it was outside of the road, then it was for the jury to say whether or not, under all the facts and circumstances, it was in such close proximity to the road as to be dangerous without a shield. There being no positive evidence of any kind in the record showing the guy wire and pole to be upon private ground, and the evidence being meager and clouded as to their precise location with reference to the roadway, we cannot say that the jury ought not to have been permitted to make their findings under the charge of the court as given. The charge properly left the determination of the question of negligence to the jury, and, however uncertain the evidence may have been, the jury's verdict under the charge is conclusive. Railway Co. v. Lee, 69 Tex. 560, 7 S. W. 324.

[11] There was no reversible error in excluding from evidence the ordinance of the town of Athens prohibiting the driving of loose cattle over and across roadways, etc., without sufficient help to keep them off of sidewalks and private property. Appellant tendered no proof of any fact which tended to show a violation of the ordinance. The record shows there were nine cows in the herd and that two men were driving them. There is no proof that they at any time went upon a sidewalk or upon any private property. The introduction of the ordinance as evidence without proof of its violation would have availed appellant nothing, and accordingly its exclusion did appellant no harm.

The judgment of the court below is affirmed.