KOSSMAN v. CITY OF ST. LOUIS, Appellant.

Division Two, December 23, 1899.

1. **Streets: PART SAFE FOR TRAVEL.** So much of a street as a city opens and undertakes to put in a condition for public travel, must by it be kept in a reasonably safe condition. So that where a city macadamizes a street from curb to curb, and opens it for public travel, it is required to keep it in reasonably safe condition for public travel from curb to curb.

2. ———: **PERSONAL INJURIES: CARE.** If plaintiff is injured by reason of the falling of his wagon into a depression in the street, an instruction that ignores or omits the question of his exercise of reasonable care and caution in undertaking to drive over the hole, is error.

3. ———: ———: **KNOWLEDGE.** Where there is no evidence that plaintiff knew that the depression in the street where he was injured was dangerous, an instruction charging him with negligence for not avoiding the depression is erroneous.

Appeal from St. Louis City Circuit Court.—*Hon. Leroy B. Valliant,* Judge.

AFFIRMED.

*B. Schnurmacher* and *Chas. Claflin Allen* for appellant.

(1) Instruction numbered 6 properly declared the law. "One who attempts to cross over a sidewalk, as part of a road known to him to be dangerous, when the dangerous place could have been easily avoided, as by passing around it, or taking another side of the road, is wanting in due care, and the court may so say as a matter of law." Cohn v. City of Kansas, 108 Mo. 393; Gerdes v. Iron & Foundry Co., 124 Mo. 355; Wiggins v. St. Louis, 135 Mo. 558; 2 Shearman & Redfield on Neg., sec. 376. (2) Instruction numbered 9 was correct. The duty of a municipal corporation to keep its streets in a reasonably safe condition for the uses for which they are intended, "does not necessarily imply as a matter of law that the whole width of the street must be in good condition."

Dillon's Mun. Corp., sec. 1016; Bassett v. St. Joseph, 53 Mo. 290; Brown v. Glasgow, 57 Mo. 156; Craig v. Sedalia, 63 Mo. 147; Roe v. City of Kansas, 100 Mo. 190; Hunter v. Weston, 111 Mo. 176.

*A. R. Taylor* for respondent.

(1) The giving of instruction 6 at the instance of defendant was error prejudicial to the plaintiff's cause, for many reasons. (a) There was an entire failure of evidence to show that the plaintiff knew the road at the place to be dangerous. The plaintiff denied it and testified that he did not know or anticipate danger, because he couldn't see the depth of the hole. (b) Again, this instruction asserts as a matter of law that if he knew of the defective condition of the street, and that plaintiff could easily have avoided it by passing to another side of the street, etc., then he can not recover. This portion of the instruction leaves entirely out of consideration the question whether the plaintiff exercised ordinary care in undertaking to drive over the defective crossing—which is the true test. This instruction would make the simple fact that the plaintiff knew of the existence of the hole in the street, and that it was dangerous to drive over the street, and that he didn't avoid it, conclusive of his negligence. Such is not the law. Graney v. St. Louis, 141 Mo. 185; Loewer v. Sedalia, 77 Mo. 444; Maus v. Springfield, 101 Mo. 618; Flynn v. Neosho, 114 Mo. 572. (2) Instruction 9 was entirely bad and inapplicable to the case at bar. A municipal corporation is not bound to open all its streets, nor to keep in repair every part of such streets as are opened. But, when a street, or a part of a street, is opened for travel by the public, then such municipal corporation is bound to use ordinary care to keep such street, or part of street, opened for travel, in a condition of repair reasonably safe and suitable for such use. Bassett v. City, 53 Mo. 304; Hunter v. Weston, 111 Mo. 184; Walker v. City, 99 Mo. 652; Meiners v. City, 130 Mo. 285. No case

cited for appellant contravenes this proposition. In this case the whole of Grand avenue from curb to curb was opened for the use of the public. The evidence shows this, and especially the part on which the accident occurred, so that it was flagrant error to give instruction 9. It was the same as telling the jury that though the part of the street where the injury happened was open for public travel, and though it was defective and out of repair at the place of the accident, yet the city was not bound to keep the street in repair at such place.

GANTT, P. J.—An action for damages for personal injuries sustained by plaintiff, a teamster, was commenced against the city of St. Louis, August 28, 1896. A trial resulted in a verdict for defendant in 1897 and the verdict was set aside by the circuit court, from which order granting a new trial defendant city appeals.

The petition states the plaintiff's case very concisely:

"The plaintiff states that at the times herein mentioned the city of St. Louis was and now is a municipal corporation by virtue of the law of the State of Missouri. That at said time Grand avenue, at the places herein mentioned, was an open public street within the city of St. Louis, graded and paved as such. That on the 17th day of August, 1896, the plaintiff was driving a wagon and team, northward upon Grand avenue, and when at a point in said street just south of Grand Avenue bridge, his wagon and the wheels thereof came in contact with an obstruction in said street to wit, a hole, ditch, an excavation worn into said street whereby the plaintiff was caused to be thrown from said wagon to the street, and said wagon and the wheels thereof ran against and upon the plaintiff, whereby plaintiff was greatly and permanently injured upon his head and body, two of his ribs were broken, his chest was crushed, his head was greatly lacerated, and plaintiff was otherwise greatly injured and bruised. And plaintiff avers that said street at said place was, by reason of said obstruction,

out of repair and in a dangerous and defective condition, as defendant, by its agents having charge of keeping said street in repair, well knew before plaintiff's said injuries, or would have known by the exercise of ordinary care in time to have repaired the same before plaintiff's said injuries, yet neglected to do so. That by reason of his injuries so sustained the plaintiff has suffered and will suffer great pain of body and mind, has been disabled from labor and has lost and will lose the earnings thereof. His health and strength have been permanently impaired. He has incurred and will incur large expenses for medicines, medical attention and nursing, to his damage in the sum of $10,000, for which sum he prays judgment."

To this petition defendant filed the following answer:

"Now comes the defendant in the above entitled cause, and for answer to the petition of plaintiff filed herein, denies each and every allegation in said petition contained.

"And for another and further answer to the petition of plaintiff, the defendant avers that whatever injuries were received by plaintiff, if any injuries were received, were occasioned by the carelessness and negligence of plaintiff, which negligence and carelessness directly contributed to the happening of said injuries, and without which said injuries would not have occurred."

The reply was general denial of new matter in the answer.

On the trial before the jury the evidence disclosed that Grand avenue is one of the public thoroughfares of St. Louis, and at the place where the accident to plaintiff occurred was an open public street, graded and paved for travel from curb to curb its entire width. The avenue was paved with macadam on its approach to a bridge which constitutes a part of said highway. On the east side of the street was a north-bound street railway track, on the west side of the street a south-bound railway track, and the part of the street between these railways was generally used for wagon and vehicle traffic. It

further appears from the evidence that wagons and vehicles bound north travelled to the right or towards the eastern railway track, and such vehicles bound south used the portion of the street near the western track.

The plaintiff's evidence tended to show that, beginning in the preceding April, 1896, by the travel of vehicles over the Grand avenue bridge, at the junction of the bridge proper with the street constituting the bridge approach, there had been worn down or ground out a hole or rut to a depth of from eight inches to eighteen inches in said street, right in the line of travel for such vehicles. That at the time, August 17th, 1896, of the injury in question such rut or hole existed, running in an irregular shape across the bridge approach, deeper at one place than another. That on the morning of August 17, 1896, the plaintiff was driving his wagon and team northward on Grand avenue at the bridge when the front wheels of his wagon dropped into the hole or rut, whereby he was thrown from his wagon, sustaining severe injuries, among others, fractures of two ribs, one of which was caused to pierce the lungs.

The plaintiff testified that he had often crossed the Grand avenue bridge and had noticed some depression but had never noticed such a deep hole or depression, and that at the time of his injury there was water in the hole that prevented him from seeing the depth of the hole.

The evidence of the defendant tended to contradict the evidence of the plaintiff as to the depth of the hole, and tended to show the street was in good condition. There was also evidence tending to prove that the rut or depression which appears to have caused the accident extended over only a portion of the roadway along near the middle of the street and that on either side the way was in a good and safe condition for vehicles.

The verdict having gone for defendant, plaintiff filed his motion for new trial complaining, among other things, of the instructions for defendant.

The court sustained the motion and specified on its record that it had erred in giving instructions Nos. 6 and 9, which are as follows:

"6.    The jury are instructed that one who attempts to cross over a part of a road known to him to be dangerous, when the dangerous place could have been easily avoided, as by passing around it, or taking another side of the road, is wanting in due care. If, therefore, the jury believe from the evidence in this case, that on the 17th day of August, 1896, on south Grand avenue, just south of the paved portion of the bridge, and at or near the intersection of said paved portion with the macadam roadway or approach to said bridge, there was a hole or depression in the street which was a dangerous obstruction in said street to persons passing over it, and that plaintiff was injured by reason of such defect or obstruction, and if the jury further believe from the evidence that said street at said place was in a dangerous condition for persons passing over the same when driving a vehicle, such as that driven by the plaintiff, and that such dangerous condition was known to the plaintiff, and that such dangerous place could have been easily avoided by the plaintiff by passing around it or taking another side of the road, and that plaintiff did not avoid it, or seek to avoid it, then plaintiff can not recover in this action and the verdict must be for the defendant.

"9.    The court instructs the jury that the city of St. Louis is not obliged to keep the whole of a street in a safe and passable condition, but that if it keeps enough of the street in a safe and suitable condition to reasonably accommodate the public in passing over the same, while exercising ordinary care, then the city is not liable."

I.    The learned city counselor insists there was no error in these instructions.

Let us consider them in their reverse order.

To sustain the ninth instruction the city counselor seeks to apply the doctrine of Bassett v. St. Joseph, 53 Mo. 290, to the facts of this case.

In that case Judge VORIES speaking for the court said: "We do not agree that the city is required or bound to keep all of her streets in good repair under all circumstances. She is only bound to keep such streets and such parts of streets in repair as are necessary for the convenience and use of the traveling public. It may be, and doubtless is the case, that there are streets or parts of streets in many cities, which are not at present necessary for the convenience of the public, that will be brought into use by the growth of the city, or there may be streets that have more width than is necessary for the present use or requirement of travel. All that is required in such cases is, that the street shall be placed in a reasonably safe condition for the convenience of travel. *When a street is opened for use, it should be put in a reasonably safe condition.*" As Grand avenue was opened and had been paved in its whole width from curb to curb it is obvious that only the last sentence above quoted has any application to the facts of this case. Equally inapplicable is Brown v. Mayor of Glasgow, 57 Mo. 156.

The rule applicable to the facts of this case is well stated by the court in Walker v. Kansas City, 99 Mo. loc. cit. 652, in these words: "A city is not necessarily required to open or put all of its streets in a condition for public travel, or all parts of its streets in such condition, *but when* it does open and undertake to put a street in condition for such travel as a whole, or a part thereof, it must keep such street, or such part thereof as it does undertake to open and put in such condition in its entirety, reasonably safe for travel." That rule has been often approved and must now be considered settled law. [Hunter v. Weston, 111 Mo. 184; Meiners v. St. Louis, 130 Mo. 285; Vogelgesang v. St. Louis, 139 Mo. 135; Welsh v. St. Louis, 73 Mo. 71.] It is obvious that the 9th instruction was erroneous and well calculated to bring about an unjust verdict, and the circuit court very properly decided to correct its own error by granting the new trial.

II.   The 6th instruction was erroneous in that it entirely ignored and wholly omitted the question of plaintiff's exercise of reasonable care and caution in undertaking to drive over the hole or depression.   The instruction moreover was not supported as to any knowledge on the part of plaintiff that the street was dangerous.   The burden was to the opposite effect. Instructions should be made applicable to the evidence.   The circuit court did not err in concluding this instruction also should not have been given.   The judgment is affirmed. *Burgess, J.,* concurs; *Sherwood, J.,* absent.