SARAH FOCKLER, Respondent, v. KANSAS CITY, Appellant.

### Kansas City Court of Appeals, May 5, 1902.

1. **Municipal Corporation: REPAIR OF STREETS: SIDEWALK TO CURBING: ACTION.** It is the duty of a city to keep its street in a reasonably safe condition for public travel, and this includes the space between the sidewalk and the street curbing which should be kept free from obstructions or the city will be liable for resulting damages.

2. ———: ———: ———: TREES. Trees and like obstructions may be placed in the space between the sidewalk and the curbing and the traveler must expect to encounter them and is not entitled to compensation if injured thereby.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

AFFIRMED.

*L. A. Laughlin* for appellant.

(1) The court erred in modifying and giving in a modified form defendant's instruction number five. The court inserted the words "and space" in the instruction, so, when given to the jury, it read: "Though if you further find that the sidewalk and space as a whole was left in a reasonably safe

condition for travel over it," etc. (2) Defendant asserts that this modification was error on the part of the court, for the reason that it imposes the duty to keep the park space between the sidewalk and curb in a reasonably safe condition for travel, the same as the sidewalk. Defendant contends that this is not the law. That, while the city is obliged to keep all the roadway in a reasonably safe condition for travel, this is not true of the sidewalk space between the curb and the property line. In this space only such portion of it is required to be kept in a reasonably safe condition for travel, as will accommodate public travel under ordinary circumstances at that point. That the laying of a sidewalk is a notification to the public that this is the portion of the sidewalk space upon which the public should walk, and that this sidewalk is the space which the city is required to keep in a reasonably safe condition for travel. That in the park space between the sidewalk and curb such obstructions as trees, telegraph poles, hydrants, gas and water plugs, horse blocks, temporary deposits of paving material, etc., may be placed, around which the city is not obliged to put barriers and keep warning lights. That before a party can recover for an accident, caused by falling over an obstruction in the park space, he must allege and prove that the sidewalk was insufficient to accommodate public travel, under ordinary circumstances, at that point. (3) The court held that all of it must be kept in a reasonably safe condition for travel. The precise point has never been adjudicated in this State, and we must look elsewhere for authorities. Oliver v. Denver, 13 Colo. App. 345; Dougherty v. Horshheads, 159 N. Y. 154; Ring v. Cohoes, 77 N. Y. 83; Dubois v. Kingston, 102 N. Y. 219; Weinstein v. Terre Haute, 147 Ind. 556; Macomber v. Taunton, 100 Mass. 255; Wellington v. Gregson, 31 Kan. 99; Platt v. Mayor, etc., 8 Misc. Rep. 409; Bureau Junction v. Long, 56 Ill. App. 458; Clark v.

Vol 94 app—30

Dasso, 34 Mich. 86; Everett v. Council Bluffs, 46 Iowa 66; Atlanta v. Holliday, 96 Ga. 546; Winter v. Peterson, 4 Zabr. (N. J.) 524; Lostutter v. Aurora, 126 Ind. 436; Johnston v. Philadelphia, 139 Pa. St. 646; Raymond v. Lowell, 6 Cush. 524; Tiesler v. Norwich, 73 Conn. 199; Robert v. Powell, 24 Misc. Rep. (N. Y.) 241; Cincinnati v. Fleischer, 63 Ohio St. 229; Horner v. Philadelphia, 194 Pa. St. 542; Harrigan v. Brooklyn, 67 Hun 85, s. c. aff. 143 N. Y. 661; Perrette v. Kansas City, 162 Mo. 238.

*Latshaw & Latshaw* for respondent.

(1) The first and primary contention of appellant is that it was not the duty of defendant city to keep the space adjacent to the sidewalk, called by appellant the "park space," in a reasonably safe condition. I take it that this point has been decided time and again and by a uniformity of opinion that leaves absolutely no doubt as to the law in this State upon this proposition. Kiley v. Kansas City, 87 Mo. 103; Grogan v. The Foundry Company and St. Louis, 87 Mo. 321; Franke v. St. Louis, 110 Mo. 516; Halpin v. Kansas City, 76 Mo. 335; Loewer v. Sedalia, 77 Mo. 444; Wiggin v. St. Louis, 135 Mo. 558; Bassett v. City of St. Joe, 53 Mo. 290; Plumber v. The City of Milan, 79 Mo. App. 446; Dillon's Municipal Corporations (4 Ed.), pars. 1013 and 1024, and cases cited; Slayton v. Railway, 174 Mass. 55.

BROADDUS, J.—The plaintiff recovered judgment against the defendant city for $1,000 for injuries alleged to have been received by being thrown down by reason of an obstruction on one of its streets, from which judgment defendant appealed. It appears, without dispute, that at the point where the injury was received, on what is known as Troost avenue, there is a space left between the curbing of the street

and the sidewalk, and that a pile of stones had been placed there some time before the accident. Thus far there is no conflict in the evidence. There was some evidence tending to show that these stones extended onto the sidewalk proper, and that plaintiff in the nighttime, while passing along in the direction of her home, stumbled over one or more of these stones and was thrown down. There was also evidence tending to show that this pile of stones did not extend out upon the sidewalk.

The question raised is one of law. The defendant asked the court to instruct the jury if it found from the evidence that no part of said pile of stones was on the sidewalk, the plaintiff was not entitled to recover, which the court refused. The theory of the defendant on the trial and in this court is, that the city is not liable for negligence, if the plaintiff was walking on said space between the curbing of the street and the sidewalk proper. It will therefore be seen that the trial court took the view of the case that defendant was liable for the injury complained of, although it was occasioned by an obstruction in the space aforesaid between the sidewalk and the street curbing.

It is the well-settled law of this State, that it is the duty of cities to keep their streets in a reasonably safe condition for the use of the traveling public, and for a failure to perform this duty they are held to be liable to persons for injuries received by them while traveling thereon in the exercise of due care. It is true that in the case of Tritz v. The City of Kansas, 84 Mo. 632, the court held that "a city is bound to keep only so much of its sidewalk in good condition and repair as is necessary to render it reasonably safe for travel." But in the subsequent cases of Walker v. The City of Kansas, 99 Mo. 647, and Kossman v. St. Louis, 153 Mo. 293, the Tritz case was overruled and is no longer authority in this State.

The contention of the city is that, as the space left between the sidewalk and the street curbing was not intended for the use of pedestrians, the city owed no duty to the plaintiff to keep it free from dangerous obstructions. It will be readily conceded that the city, for obvious reasons, had the right to leave a space between the curbing of the street and the sidewalk unimproved. In other words, it was not compelled to put the entire space occupied by the street in the same uniform condition for travel. Cities are not compelled to pave and provide sidewalks for their streets, but they may do so for their own convenience and for the use of the public. But they are compelled to keep them, when thrown open to public use, in a reasonably safe condition for travel. It seems to us that the difficulty with the defendant's contention is that because the city left a portion of its street unimproved along with and a part of that which was improved, it owed no duty whatever to the public as to the former.

It is agreed that trees and other obstacles are usually found in such spaces, and certain authorities are cited to the effect that a city is not liable for injuries occasioned by such obstructions. See Weinstein v. Terre Haute, 147 Ind. 556; Macomber v. Taunton, 100 Mass. 225; Wellington v. Gregson, 31 Kan. 99; Clark v. Dasso, 34 Mich. 86; Everett v. Council Bluffs, 46 Iowa 66. These authorities embrace a sound principle of law, and are entitled to our approval, but they lack application to the facts of this case. Every one must take notice that trees for ornamentation, comfort and health, and other useful things, are placed in such spaces, and he who travels therein must expect to encounter them, and he is not entitled to compensation for damages if he is injured thereby; and it is to cases of this kind the authorities last cited apply. Such things, by reason of their usefulness and ornamentation, become a necessity and are to be treated as much a part of the city as the houses and streets themselves.

But the traveler does not expect to meet on such places a pile of stones, which has no place on the street, and if he falls upon one while he is in the exercise of proper care, the city ought to be liable for any injury he may sustain by reason thereof.

The cause was properly tried and it is therefore affirmed. All concur.