EMELINE M. BENTLEY, Respondent, v. MISSOURI
   & KANSAS TELEPHONE COMPANY, Appel-.
   lant.

**Kansas City Court of Appeals, February 7, 1910.**

1. **STREETS: Telephone and Telephone Companies: Parkway:
Obstructions.** The parkway between the curbing and the side-
walk of a public street are as much a part of the public highway
as are the sidewalks and roadway, and while they are not de-
signed for use as a pathway, they are frequently so used, and
parties placing obstructions thereon are bound to recognize that
fact.

2. ————: **Negligence.** A telephone company having permission
from a city so to do, may plant in the parkway between the curb
and the sidewalk poles and supporting guywires, but if they
are so constructed as to constitute a snare or trap, such com-
pany is guilty of culpable negligence.

3. ————: **Proximate Cause.** If an injury was caused by a lawful
obstruction negligently constructed, but the cause of the injury
was the obstruction, and not the method of construction, the
negligence in the construction is not the proximate cause of
the injury.

Appeal from Jackson Circuit Court.—*Hon. David H.
        Cecil,* Judge.

REVERSED.

*Battle McArdle* and *Gleed, Hunt, Palmer & Gleed*
for appellant.

(1) Defendant had a right to place the pole and
guywire on the streets, and they were therefore not nui-

sances *per se;* and defendant cannot be held liable for so placing and maintaining the pole and guywire un-. less the city itself would have been liable for so doing. Atchison v. St. Joseph, 133 Mo. App. 563; Siebert v. Railroad, 188 Mo. 657; Building Association v. Telephone Co., 88 Mo. 266. (2) The parking in which the pole and guywire were situated was not intended for travel, and defendant was not required in placing such equipment to anticipate that the public would use it for purposes of travel. Ruppenthal v. St. Louis, 190 Mo. 213; Kossman v. St. Louis, 153 Mo. 293; Bassett v. St. Joseph, 53 Mo. 290; Craig v. Sedalia, 63 Mo. 417. (3) Plaintiff was guilty of contributory negligence. Holding v. St. Joseph, 92 Mo. App. 143. (4) The smallness of the wire was not the cause of plaintiff's injury. Hudson v. Railroad, 101 Mo. 13; Stepp v. Railroad, 85 Mo. 229; Moberly v. Railroad, 17 Mo. App. 518; Deschner v. Railroad, 200 Mo. 310; Harper v. Terminal Co., 187 Mo. 575. (5) A failure to give warning is always immaterial unless such failure is the direct cause of an injury. Killian v. Railroad, 86 Mo. App. 473; Wallace v. Railroad, 75 Mo. 594; Braxton v. Railroad, 77 Mo. 455; Barkley v. Railroad, 96 Mo. 367.

*L. A. Laughlin* for respondent.

JOHNSON, J.—This suit is for damages for personal injuries alleged to have been caused by the negligence of defendant. Plaintiff prevailed in the trial court where she recovered a judgment for $1200. The injury occurred between seven and eight o'clock in the evening of December 4, 1907, on Michigan street, a public thoroughfare in Kansas City. Plaintiff, a married woman, went on an errand to a neighbor's house and, accompanied by her son eight years old, started to return home. She walked along the sidewalk on the east side of Michigan street between Fifteenth and Sixteenth streets. To avoid passing by some vacant lots,

she concluded to cross the street in the middle of the block. She was in a hurry and a little afraid, and as she started to cross, broke into a run. The street was paved and there was a parkway between the sidewalk and the curbing. Under permission from the city, defendant maintained a telephone line along this parkway, and one of the poles of this line was near the place where plaintiff attempted to cross. A guywire composed of several wires twisted together ran from the top of the pole at an angle of about 45 degrees to an anchor buried in the parkway. Plaintiff was injured by running against this guywire which, owing to the darkness, she did not and could not see. Plaintiff states she was not very familiar with the locality, that she did not know of the presence of the wire, and that it was so dark she could not even see the pole, although she passed within a few feet of it.

The petition charges "that defendant was careless and negligent in erecting and thereafter maintaining said guywire inasmuch as said wire was so small as to be invisible after dark, making it a dangerous obstruction so that passers by on the street would trip over it." It is the theory of plaintiff that it was negligence to string an inconspicuous wire in the parkway of a public street where it might prove a snare to pedestrians using the parkway or who tried to cross the street at that place and that, in the due observance of care, defendant either should have attached the wire to a stub pole eight or ten feet long, and set at the proper angle, or else should have encased the lower end of the wire with pipe or boxing, so that people might have warning of the existence of the obstruction.

Defendant argues that since it had the right to place its poles in the public street and to give them proper supports, neither the pole nor its necessary guywires were a nuisance *per se* and that "the parkway in which the pole and guywire were situated was not intended for travel and neither the city nor anyone who

had a right to place equipment therein, either under authority from the city or from the Legislature, was required, in placing such equipment, to anticipate that the public would use it for purposes of travel." [Citing Ruppenthal v. St. Louis, 190 Mo. 213; Kossman v. City, 153 Mo. 293; Bassett v. City, 53 Mo. 290; Craig v. Sedalia, 63 Mo. 417.]

These cases do not warrant the application defendant would make of the rule pronounced in them, and the argument of defendant is not in harmony with the decision of this court in Fockler v. Kansas City, 94 Mo. App. 464, where, speaking through BROADDUS, J., we held that the duty of the city to keep its streets in a reasonably safe condition for public travel applies to the parkway between the sidewalk and the curbing, which should be kept free from obstructions, or the city will be liable for resulting damages. Such parkways are as much a part of the public highway as are the sidewalks and roadway for vehicles. They are designed for ornament and not for use as a pathway, but that people will use and occupy them as restful places or in crossing the streets is a fact of common knowledge and one to be reckoned with by the city and its licensees in the discharge of their duties to the traveling public.

We reject as untenable the suggestion of defendant that pedestrians must cross streets only at street crossings. In congested parts of large cities, cases might be imagined where pedestrians should not be suffered to cross except at certain designated places, but as a general rule, they have a right to cross in the middle of a block as well as at street intersections. Defendant was bound to anticipate that the parkway might be used as plaintiff was attempting to use it, and had no right to make a snare or trap of its guywires. We think the evidence of plaintiff accuses defendant of negligence and that in a proper case, the jury would have been justified in finding that an ordinarily careful and

prudent person would not have constructed a guywire in a way to leave it so inconspicuous.

The following authorities have been consulted in reaching this conclusion: Joyce on Electric Law, sec. 609; Keasbey on Electric Wires, sec. 229; Telephone Co. v. Gasper, 123 Ky. 128, 93 S. W. 1057; City v. Williams, 119 S. W. (Tex. Civ. App.) 137; Lundeen v. Electric Light Co., 17 Mont. 32, 41 Pac. 995; Friesenhan v. Telephone Co., 134 Mich. 292; 96 N. W. 501; Telephone Co. v. Tabb, 114 S. W. (Tex. Civ. App.) 448; Davidson v. Telephone Co., 34 Utah, 249, 97 Pac. 124; Sellen v. Telephone Co., 51 Hun 591.

The trouble with plaintiff's case is that her evidence, instead of tending to show that the negligence of which we have spoken was the proximate cause of her injury, positively and affirmatively proves that it was not such cause. This is not a case where an unlawful obstruction has been placed in the highway, but is one where a lawful obstruction has been negligently constructed. Defendant had a right to brace the pole and to appropriate as much of the highway as was necessary to the proper construction and maintenance of its line. The wrong of defendant lay in the method of construction. Plaintiff's evidence demonstrates that this wrong had nothing to do with the infliction of her injury. If it was so dark that she could not see anything—not even a pole two feet away—she could not have seen a stub pole or a boxed wire and, consequently, the smallness of the wire, which she makes the gravamen of her cause of action, was wholly immaterial and, in no sense a causal fact. The rule is elemental that in personal injury cases, plaintiff has the burden of proving that the negligence of which he complains was the proximate cause of the injury. In this case, plaintiff, as we have said, has conclusively proved to the contrary, and it follows that the judgment must be reversed. All concur.