LUCILLE C. SMITH, RESPONDENT, v. CITY OF ST. JOSEPH, APPELLANT.—
35 S. W. (2d) 975.

Kansas City Court of Appeals.   December 1, 1930.

*Shultz & Owen* for respondent.

*Miles Elliott, Herman Hess* and *Morte H. Craig* for appellant.

CAMPBELL, C.—This an action to recover damages for personal injury alleged to have been sustained by plaintiff while walking upon Thirty-first Street, a street extending north and south in defendant city.. Angelique Street is an east and west street terminating at Thirty-first Street.   There is a concrete sidewalk five feet in width extending along the east side of Thirty-first Street.   The paved portion of Thirty-first Street is thirty feet in width.   Between said sidewalk and the paving is a space approximately five and one-half feet wide, called by appellant "terrace or bank" and by respondent "park or parkway."   On the day in question, plaintiff, while walking southward on the east side of Thirty-first Street, left the sidewalk and walked across the space between the sidewalk and the paved portion of the street and in doing so stepped upon and into a sewer inlet located in that space and received the injuries for which this suit is brought.   The cover or lid of the sewer inlet is approximately three and one-half feet in length north and south and two and one-half feet east and west, and at this point the sidewalk is approximately two and one-half feet higher than the curbstone of the pavement.

Plaintiff testified that weeds "eighteen inches high or maybe two feet" were growing on the space between the sidewalk and pavement and that the weeds had fallen down, and thus covered the sewer inlet.

Defendant presents but one question to this court as follows: "Defendant city contends that plaintiff was injured in a part of the street not wrought or intended for travel, and that it is, therefore, not liable to plaintiff."   Therefore, the only question presented for decision is, was it the duty of the city to exercise ordinary care to keep

the space between the sidewalk and the paved portion of the street at the place in question in a reasonably safe condition for travel? Defendant contends that space was never wrought or prepared for travel and was not intended as a passageway either in going along or across Thirty-first Street and that it was not a part of the street which the city intended or invited pedestrians to use, and argues that a city has the right to improve and open for public travel only a portion of a street and is not liable for injuries occasioned by a person using a portion of such street that has not been prepared for travel, notwithstanding dangerous defects may exist in such portion, and relies upon the holding in Ely v. City of St. Louis, 181 Mo. 723 (and other cases), in which it is said:

"The city lawfully exercised its governmental discretion to grade and prepare for use only the wagon roadway in part of the street; it was not required to grade and improve the whole eighty foot space and build sidewalks on it, and therefore is not liable for not having done so. The path through the weeds and over the uneven surface spoke for itself and told every one there was no sidewalk there and it invited no one to use it at the city's expense."

That case, as well as other cases announcing the same doctrine and cited in plaintiff's brief, are of no assistance here because they do not turn on the question as to whether a parkway in a street open for public travel is, within the meaning of the law, such a part of the public street as the municipality is charged with the duty to keep in a reasonably safe condition for travel by pedestrians.

It is said in appellant's brief that Robinson v. Kansas City, et al., 179 Mo. App. 211, 166 S. W. 343, "is on all fours with the case at hand." In that case the injured person was proceeding from a store down a path which she left and fell down the bank near an intersection of streets. The court said:

"The controlling and all-important fact of the case is that Mrs. Robinson was injured, not while using a part of a public street the city had invited her to use, but while on a part the city had left in a state of nature and, therefore, had not thrown open to the use of the public. A city's duty towards persons using its public streets springs from invitation, express or implied, and unless the city does something from which such invitation reasonably may be implied, it cannot be said to have assumed any duty towards the public with respect to merely platted or dedicated streets. The city had a right to prepare a way only twenty feet wide in the middle of a dedicated street of sixty feet, without assuming any duty or liability with respect to the portions of the street left in a state of nature."

"So in the present instance the bank spoke for itself and told plaintiff and his wife that it was a part of the street the city did not invite them to use and which, so far as the city and its contractor were con-

cerned, they would go upon at their own risk of injury. A city is under no duty to travelers to fence off or otherwise guard portions of streets thus left in a state of nature."

It is also contended the case of Griffin v. City of Chillicothe, 279 S. W. 84, is controlling. In that case the street was originally laid out one hundred feet in width and improved throughout the entire width. Several years before the accident in question a strip thirty feet wide in the center of the street had been paved, leaving two parkways between the paved portion and the sidewalks, each about thirty feet wide. Later, a lot on the east side of the street was leased (not by the city) for private and social purposes and vehicles traveling the paved portion of the street were accustomed to pass over the curbing, parkway and sidewalk into said lot. The plaintiff drove his team and wagon along the paved portion of the street and turned into one of the openings to go into the lot and in doing so, drove into a deep hole between the paved portion of the street and the sidewalk and sustained the injury for which he sued. The court thus states the question: "the sole question now to be considered is whether the city was required to repair or guard a hole, existing for some time in the driveway over the parking, within the limits of the street as originally laid out, improved and used for a number of years, but outside the paved portion of the street and its curbing, which designated the place for and confined the limits of ordinary vehicular travel over the street." It is further said "the injury occurred within the located and dedicated highway, but in the part thereof formerly used for travel but abandoned by a newly made traveled portion." "In the exercise of its governmental authority, the city withdrew the parkway from public travel by vehicles just as effectually as if such parkway had never been opened and improved by it for vehicular travel." The court denied recovery. A city is not charged with the duty to keep a parkway and sidewalk in reasonably safe condition for vehicular travel. The cases cited do not apply to the facts under consideration.

Plaintiff relies upon the holding in Coffey v. City of Carthage, 186 Mo. 573, 582, 85 S. W. 532 and other cases in harmony therewith. In the Coffey case, supra, the trial court gave the following instruction: "The court instructs the jury that if they believe from the evidence that the plaintiff was not walking on the stone sidewalk when injured, but was walking on the grass plot between the sidewalk and street, and in so doing was injured, the defendant, the city of Carthage, will not be liable."

The court in holding that instruction erroneous said:

"The Kansas City Court of Appeals, in Fockler v. Kansas City, 94 Mo. App. 464, properly declared the law applicable to this proposition. It is in perfect harmony with the rule announced by this court in the cases cited in support of the conclusions reached. In

the discussion of the question before the court in that case, which was substantially the same as the one in the case at bar, the law was thus very clearly and concisely presented:

'It is the well-settled law of this State that it is the duty of cities to keep their streets in a reasonably safe condition for the use of the traveling public, and for a failure to perform this duty there are held to be liable to persons for injuries received by them while traveling thereon in the exercise of due care. It is true that in the case of Tritz v. City of Kansas City, 84 Mo. 632, the court held that 'a city is bound to keep only so much of its sidewalk in good condition and repair as is necessary to render it reasonably safe for travel.' But in the subsequent cases of Walker v. City of Kansas, 99 Mo. 647, and Kossman v. St. Louis, 153 Mo. 293, the Tritz case was overruled and is no longer authority in this State. The con-tention of the city is that, as the space left between the sidewalk and the street curbing was not intended for the use of pedestrians, the city owed no duty to the plaintiff to keep it free from dangerous obstructions. It will be readily conceded that the city, for obvious reasons, had the right to leave a space between the curbing of the street and the sidewalk unimproved. In other words, it was not compelled to put the entire space occupied by the street in the same uniform condition for travel. Cities are not compelled to pave and provide sidewalks for their streets, but they may do so for their own convenience and for the use of the public. But they are compelled to keep them, when thrown open to public use, in reasonably safe condition for travel. It seems to us that the difficulty with the defendant's contention is that because the city left a portion of its street unimproved along with and as a part of that which was improved, it owed no duty whatever to the public as to the former.' [Goins v. Moberly, 127 Mo. 116.]

This is decisive of this question and the instruction must be held erroneous.''

In Bentley v. Telephone Company, 142 Mo. App. 215, 218, 125 S. W. 533, this court held that the duty of the city to keep its streets in a reasonably safe condition for public travel by pedestrians applied to the parkway, the space between the sidewalk and the curbing.

Said the Court:

''Such parkways are as much a part of the public highways as are the sidewalks and roadway for vehicles. They are designed for ornament and not for use as a pathway, but that people will use and occupy them as restful places or in crossing the streets is a fact of common knowledge and one to be reckoned with by the city and its licensees in the discharge of their duties to the traveling public.''

In Hutchinson v. Mullins, 189 Mo. App. 438, 452, 176 S. W. 1083, this court said:

"The evidence disclosed that the entire space between the property line and the curb was not taken up, or occupied, with the board sidewalk; a part of it being set in grass and, as we all know, is sometimes called a grass plot or parkway. Plaintiff's instruction number one was so drawn as to tell the jury that for the purposes of the case such entire space should be considered as the sidewalk which it was defendant's duty to keep in a reasonably safe condition."

In 43 C. J. 989, it is said:

"A grass plot or tree space between a sidewalk and curb is a part of the street which the municipality is bound to keep in a reasonably safe condition."

In all cases to which our attention has been called, it is held a municipality is under the duty to exercise ordinary care to keep the space (parkway) between the sidewalk and the vehicular portion of a public street in a reasonably safe condition for public travel by pedestrians.

In harmony with that rule, we hold the defendant city was charged with the duty to exercise ordinary care to maintain the parkway in question in a reasonably safe condition for travel by pedestrians, and inasmuch as such holding is adverse to and decisive of, the only contention made by the appellant in this court, the Commissioner recommends the judgment be affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.,* absent.