**Sandra WALLS, Plaintiff–Appellant,**

v.

**CITY OF OVERLAND, Defendant–Respondent.**

No. 64258.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 16, 1993.

Alvin Wolff, Jr. & Associates, Alvin A. Wolff, Jr., St. Louis, for plaintiff-appellant.

Evans & Dixon, Henry D. Manghini, Paul D. Chesterton, St. Louis, for defendant-respondent.

CRANDALL, Presiding Judge.

Plaintiff, Sandra Walls, appeals from the grant of summary judgment in favor of defendant, City of Overland, in plaintiff's action for bodily injury. We reverse and remand.

Plaintiff filed a petition seeking recovery against defendant for bodily injury arising out of a slip and fall caused by a defect or unsafe condition in the parking lot at Norman A. Meyers Park. The park is located in and owned by defendant. On motion of defendant, the trial court granted summary judgment in its favor on the ground that the notice given by plaintiff to defendant prior to the institution of her action failed to comply with § 79.480, RSMo 1986.

Section 79.480 provides in pertinent part:

No action shall be maintained against any city organized under the laws of this state as a city of the fourth class on account of any injuries growing out of any defect or unsafe condition of or on any *bridge, boulevard, street, sidewalk* or *thoroughfare*, in said city until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence.... (emphasis added).

On appeal, plaintiff claims the trial court erred because the statute is inapplicable to this case. She argues that because her fall occurred on a parking lot and not on any of the enumerated areas mentioned in

the statute that she was not required to give notice to defendant.[1]

■ Section 79.480 is in derogation of the common law and is to be liberally construed in favor of plaintiffs and strictly against the municipality. *Lemming v. City of Salisbury,* 765 S.W.2d 271, 272 (Mo.App.1988). Further, the notice requirement cannot be extended by implication beyond its clearly expressed provisions. *Id.*

■ Section 79.480 is specific in its designation of certain areas within a municipality. No portion of the statute suggests that it applies to parking lots. If the legislature had intended to include parking lots within the provisions of the statute, it would have been a simple matter to do so. The fact that a parking lot in all probability connects to a boulevard, street, sidewalk or thoroughfare is not sufficient to bring it within the provisions of the statute. If that was so, virtually all areas of a municipality would be covered by the statute. This court is without authority to extend the statute by implication to all areas where defendant may be bound to exercise reasonable care to maintain an area in a reasonably safe condition for use. *Lemming* at 272. Plaintiff's point is granted.

The trial court's grant of summary judgment is reversed and the cause is remanded.

REINHARD and CRIST, JJ., concur.

---

[1]. The focus of the argument below and the specific ruling of the trial court was based on whether the notice given to defendant complied with § 79.480. On appeal, plaintiff simply argues that the statute does not apply. Defendant contends that plaintiff has waived this point by not raising it at the trial level. *See e.g., Dry Wall Interior Systems v. Ladue Bldg.,* 857 S.W.2d 523, 525 (Mo.App.E.D.1993); *Lazzari v. Director of Revenue,* 816 S.W.2d 21 (Mo.App.1991) (review on appeal is limited to the same issues heard in the trial court). We disagree. Implicit in the trial court's ruling was a finding that the statute was applicable. Without such a finding, the trial court could not have reached the issue of notice.