**Rosemary OTTE, Plaintiff/Appellant,**

v.

**CITY OF STE. GENEVIEVE, Missouri, a municipal corporation, Defendant/Respondent.**

No. 69953.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 6, 1996.

Toohey, Gaultney & Blair, P.C., Francis Toohey, Jr., Alan D. Picou, Perryville, for Appellant.

Frank J. Elpers, Ste. Genevieve, for Respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from dismissal of Rosemary Otte's (appellant) claim for damages against the City of St. Genevieve (City) for injuries sustained when she slipped and stepped into a hole located in a drainage ditch adjacent to the street. The trial court dismissed appellant's claim finding she failed to comply with the notice requirements of

§ 79.480 [1] and, therefore, could not maintain an action against the City. Appellant argues the trial court erred in granting the motion to dismiss because the notice requirements of the statute do not pertain to a drainage ditch that runs along the street. We reverse.

In considering a motion to dismiss the trial court must treat all facts alleged in the petition as true and construe all allegations most favorable to the plaintiff. *Shapiro v. Columbia Union National Bank & Trust,* 576 S.W.2d 310, 312 (Mo. banc 1978); *Best v. Schoemehl,* 652 S.W.2d 740, 741 (Mo.App. 1983). We recite the facts with this standard in mind.

On October 24, 1991, appellant was walking south on Gabouri Street, near the intersection of Third and Gabouri in the City of St. Genevieve, when she slipped and fell into a hole at the opening of a drainage pipe located adjacent to the street. Appellant was injured in the fall but did not notify the City of the accident.

On December 13, 1994, appellant filed suit against the City for negligence. The City filed a motion to dismiss for failure to state a claim upon which relief could be granted. The City alleged the drainage ditch is part of the street and consequently, in order to maintain an action, it was necessary for appellant to notify the City of the incident within ninety days. This is a requirement placed on a plaintiff pursuant to § 79.480. Appellant readily admitted she did not comply with the statute's notice requirement. The trial Court granted the motion and dismissed the case. This appeal followed.

The statute at issue in this case, § 79.480 provides:

No action shall be maintained against any city organized under the laws of this state as a city of the fourth class on account of any injuries growing out of any defect or unsafe condition of or on any bridge, boulevard, street, sidewalk or thoroughfare, in said city until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which said damage is claimed, stating the place where, the time when

such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city.

Section 79.480 is specific in its designation of certain areas within a municipality to which it applies. *Walls v. City of Overland,* 865 S.W.2d 839, 840 (Mo.App. E.D.1993). Streets, boulevards, sidewalks and thoroughfares come within the statute. *Id.* Drainage ditches are not included. The courts do not have the authority to extend § 79.480, by implication, to areas not named in the statute. *Id.*

The facts and allegations in appellant's petition indicate the drainage ditch, where the injury occurred, is adjacent to the street not part of or on the street. Whether the dangerous condition was adjacent to the street or a part of it is a question of fact. Consequently, the trial court was obligated to accept as true the facts plead. Accordingly, the trial court erred in granting the motion to dismiss because the facts viewed most favorably toward appellant did not require notification to the City before a suit could be maintained. The ruling of the trial court is reversed and the case is remanded for further proceedings.

SIMON and HOFF, JJ., concur.

---

1. All statutory references are to RSMo 1994.