**Annie HENSON, Plaintiff–Appellant,**

**v.**

**CITY OF SPRINGFIELD, Missouri, Defendant–Respondent.**

**No. SD 34731**

Missouri Court of Appeals, Southern District, Division Two.

Filed: May 10, 2017

Application for Transfer to Supreme Court Denied August 2, 2017

Attorney for Appellant—Tad Morlan of Springfield, MO

Attorney for Respondent—Laurel E. Stevenson of Springfield, MO

Nancy Steffen Rahmeyer, J.—Opinion Author

Annie Henson ("Plaintiff") filed suit against the City of Springfield ("Defendant

City") for personal injuries she claims occurred when she fell on or near a street and sidewalk in the city. Defendant City filed a motion for summary judgment on the ground it was entitled to judgment as a matter of law because Plaintiff failed to give notice of her claimed injury to the mayor as required by section 82.210 [1] for "any injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare" in the city. The trial court granted Defendant City's motion. Plaintiff appeals claiming in a single point that the trial court erred in granting summary judgment to Defendant City because there was a genuine issue as to a material fact—i.e., the location where Plaintiff claims her injury occurred—that prevented Defendant City from being entitled to judgment as a matter of law.

## Facts and Procedural Background

Plaintiff claimed that she was "injured due to a meter hole" on May 10, 2013, in Springfield. The parties dispute the exact location of Plaintiff's claimed injury. Plaintiff claims her "fall and injury occurred on the grassy/dirt berm near or adjacent to the street," and Defendant City claims the meter hole was "in" or "on" the street. The trial court gave Plaintiff the benefit of a reasonable inference from the record that Plaintiff "fell in a water meter hole located in the 'grassy/dirt berm' near or adjacent to the street." Plaintiff did not send a notice of the claimed injury to the mayor of Springfield within 90 days of May 10, 2013. Plaintiff originally filed suit for the claimed injury on May 7, 2015. Defendant City asserted in its answer as an affirmative defense that Plaintiff failed to give notice to the mayor as required by section 82.210.

The trial court granted Defendant City's motion for summary judgment on the basis

that the "grassy berm area" "constitute[d] a thoroughfare" under section 82.210, and that "there is no legal nor practical difference" in the written notice required under section 82.210 "whether the water meter hole was located in ... the street pavement, the sidewalk,[ ] or, on the 'grassy area' in between."

## Analysis

In a single point, Plaintiff claims that the trial court erred in granting Defendant City's motion for summary judgment because the notice requirement under section 82.210 is "inapplicable in that the defective condition was located in the grassy/dirt berm adjacent to the street and not on or in any public 'bridge, boulevard, street, sidewalk or thoroughfare.' "

## Standard of Review

Under Rule 74.04(c), Missouri Court Rules (2017), a moving party is entitled to summary judgment if the summary judgment record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 74.04(c)); *ITT Commercial Finance Corporation v. Mid–America Marine Supply Corporation*, 854 S.W.2d 371, 380–82 (Mo. banc 1993). A "genuine issue":

> exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts. A "genuine issue" is a dispute that is real, not merely argumentative, imaginary or frivolous. Where the "genuine issues" raised by the non-movant are merely argumentative, imaginary or frivolous, summary judgment is proper.

*ITT Commercial*, 854 S.W.2d at 382. Further:

1. All references to sections are to RSMo 2016, unless otherwise indicated.

Where a "defending party" will not bear the burden of persuasion at trial, that party need not controvert each element of the non-movant's claim in order to establish a right to summary judgment. Rather, a "defending party" may establish a right to judgment by showing (1) facts that negate any one of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. Regardless of which of these three means is employed by the "defending party," each establishes a right to judgment as a matter of law.

*Id.* at 381; *see also* **Nail v. Husch Blackwell Sanders**, LLP, 436 S.W.3d 556, 561 (Mo. banc 2014) (similar statement of the rule citing *ITT Commercial* ).

In reviewing whether the trial court properly granted summary judgment, we:

review the record in the light most favorable to the party against whom judgment was entered. *Zafft v. Eli Lilly*, 676 S.W.2d 241, 244 (Mo. banc 1984); *Cooper v. Finke*, 376 S.W.2d 225, 228 (Mo. 1964). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Cherry v. City of Hayti Heights*, 563 S.W.2d 72, 75 (Mo. banc 1978); *Dietrich v. Pulitzer Publishing Company*, 422 S.W.2d 330, 333 (Mo.1968). We accord the non-movant the benefit of all reasonable inferences from the record. *Martin v. City of Washington*, 848 S.W.2d 487, 489 (Mo. banc 1993); *Madden v. C & K Barbecue*

*Carryout, Inc.*, 758 S.W.2d 59, 61 (Mo. banc 1988).

Our review is essentially de novo. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *E.O. Dorsch Electric Co. v. Plaza Const. Co.*, 413 S.W.2d 167, 169 (Mo. 1967). The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. *Elliott v. Harris*, 423 S.W.2d 831, 834 (Mo. banc 1968); *Swink v. Swink*, 367 S.W.2d 575, 578 (Mo.1963).

*ITT Commercial*, 854 S.W.2d at 376. And, "[b]ecause the propriety of summary judgment is an issue of law, ... the trial court's judgment may be affirmed on any basis supported by the record." **Nail v. Husch Blackwell Sanders, LLP**, 436 S.W.3d at 561 (citing *ITT Commercial* ).

### Discussion

Section 82.210 provides that:

No action shall be maintained against any city of this state which now has or may hereafter attain a population of one hundred thousand inhabitants, on account of any injuries growing out of any defect in the condition of any bridge, boulevard, street, sidewalk or thoroughfare in said city, until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city.

In *Jones v. City of Kansas City*, 15 S.W.3d 736, 737 (Mo. banc 2000), our Supreme Court stated that:

Notice to the city, within 90 days of the occurrence, [under section 82.210] is a condition precedent to maintaining an action against the city if the action arises from a defect in the condition of "any bridge, boulevard, street, sidewalk or thoroughfare." *Dohring v. Kansas City*, 228 Mo.App. 519, 71 S.W.2d 170, 171 (1934).

. . . .

The statute provides a list of properties owned by the city: bridge, boulevard, street, sidewalk, thoroughfare. These are properties that, at common law, exposed the city to liability in its proprietary, not sovereign, capacity. *Williams v. City of Kansas City*, 782 S.W.2d 64, 65 (Mo. banc 1990). The notice statute, thus, is in derogation of the common law and should be narrowly construed against the city and in favor of the injured party. *Koontz v. City of St. Louis*, 230 Mo.App. 128, 89 S.W.2d 586, 588 (1936).

A plaintiff's failure to comply with section 82.210 is an affirmative defense. *Robinson v. City of Kansas City*, 451 S.W.3d 315, 318–19 (Mo.App. W.D. 2014).

In *Jones*, the plaintiff:

was injured in July 1997, when he was struck by a car while walking along 77th Terrace in Kansas City. There was no sidewalk, and [the plaintiff] walked in the grass along the street, which intersected with Brookside Road. Traffic on Brookside Road was subject to a "yield" sign directing that cars on Brookside Road yield to cars on 77th Terrace. The yield sign was located in the grass next to the street. When [the plaintiff] was near the intersection, a collision occurred between two cars—a car on Brookside Road failed to yield to a car on 77th Terrace. The car on 77th Terrace struck [the plaintiff], after being struck by the other vehicle, while [the plaintiff] was walking on the grass next to the intersection

[The plaintiff] brought suit against Kansas City in May 1998, ten months after the accident. He alleged that sovereign immunity was waived because the city created a dangerous condition on its property by placing only a yield sign at the intersection. ... [The plaintiff] did not give notice of his impending claim within 90 days of the occurrence.

*Jones v. City of Kansas City*, 15 S.W.3d at 736–37. The trial court granted summary judgment in favor of Kansas City because the plaintiff failed to give notice as required by section 82.210. *Id.* at 736. The Supreme Court reversed the summary judgment, stating in part:

Quite simply, the yield sign, which [the plaintiff] alleges to be defective, was not part of any "bridge, boulevard, street, sidewalk or thoroughfare" within the meaning of section 82.210.[ ] Instead, both [the plaintiff] and the yield sign were located in grassy areas next to the street. We have consulted a number of dictionaries on the meaning of the statutory terms, e.g., Webster's Third New International Dictionary (1976), and cases construing such terms, e.g., *City of St. Louis v. Lee*, 132 S.W.2d 1055 (Mo.App.1939). In common and ordinary usage, the statutory terms—"bridge," "boulevard," "street," "sidewalk" and "thoroughfare"—do not include signage placed alongside these properties. We could, of course, construe the word "street" to include everything owned by the city in and around the street having to do with the regulation of traffic on the street, but we are constrained by precedent to give a narrow reading of the statutory terms, not an expansive one.

*See Koontz*, 89 S.W.2d at 588. The allegedly defective yield sign was simply not part of "any bridge, boulevard, street, sidewalk or thoroughfare" within the purview of section 82.210.

Our decision deals only with the construction of the notice statute, section 82.210. We express no views on the merits of the claim by [the plaintiff] that the yield sign is a defective condition of property that resulted in his injuries.

*Id.* at 738–39 (footnote omitted).

In doing so, the Supreme Court also limited its prior opinion in *Williams v. City of Kansas City*, 782 S.W.2d 64 (Mo. banc 1990), and the Western District's opinion in *Banks v. City of Kansas City*, 862 S.W.2d 485 (Mo.App. W.D. 1993). In *Williams*, the plaintiff "slipped, fell, and suffered injury on steps leading from the terminal to a parking facility at Kansas City International Airport." *Williams*, 782 S.W.2d at 64. The trial court granted summary judgment in favor of Kansas City because the plaintiff failed to give notice as required by section 82.210. *Id.* In one of her points, the plaintiff asserted that section 82.210 did not apply to her claim because section 82.210 "does not expressly mention steps." *Id.* at 65, 64–65. The Supreme Court rejected that claim stating in part:

The list of defective property for which the Section 82.210 requires a notice of claim includes all of those publicly maintained exterior improvements designed to facilitate travel for which the common law permitted liability because of their proprietary nature. The statutory list, then, is the product of the legislature's desire to limit the liability of municipalities in the face of the general liability imposed upon a municipality by the common law.

The dispositive question for this point is whether the phrase "bridge, boulevard, street, sidewalk or thoroughfare" includes steps. ...

Steps do no more than permit the sidewalk of which they are a part to adjust to changes in topography efficiently within a limited space. The steps are part of the sidewalk; they are in the sidewalk. ...

... [In her deposition, the plaintiff] recall[ed] a marked walkway crossing the street in front of the terminal building to a sidewalk at the head of the steps on which she fell. The photographs included by counsel support her description and show that the steps descend from a sidewalk onto a sidewalk and into a parking lot.

The marked walkway across the street leads to a sidewalk, that leads to the steps, that leads to a sidewalk, that leads to a parking lot. All are part of a continuous design to direct public, pedestrian traffic from the terminal to the parking lot. Each separately named item—the marked walkway, the sidewalk, the steps, and the sidewalk—is part of "a walk for foot passengers...." Webster's Third New International Dictionary 2113 (1976) (defining sidewalk).

There exists a second reason for holding that the steps in question here are within the listed municipal property to which Section 82.210 applies. That list includes the word "thoroughfare". Webster's Third New International Dictionary (1976) defines "thoroughfare" as "a way or place through which there is a passing ... an unobstructed way open to the public." *Id.* at 2380. The steps in question here are part of an unobstructed way through which there is a passing from the terminal building to the parking lot. The steps are part of a thoroughfare. The notice requirement of Section 82.210 applies.

We hold, therefore, that the steps in question here are part of the sidewalk and are a thoroughfare; Section 82.210 applies. The point is denied.

*Id.* at 65–66 (citation omitted). In *Jones*, the Supreme Court limited its earlier opinion in *Williams*, stating in part:

Kansas City contends that a yield sign comes within our construction of this statute in *Williams* where we said: "The list of defective property for which ... section 82.210 requires a notice of claim includes all of those publicly maintained exterior improvements designed to facilitate travel for which the common law permitted liability because of their proprietary nature." 782 S.W.2d at 65. *Williams*, however, does not invite us to expand the list of properties to include a yield sign as an "exterior improvement designed to facilitate travel." The latter phrase is intended merely to summarize the category of properties that consists of bridges, boulevards, streets, sidewalks and thoroughfares. Each of this group of terms is a structure that facilitates travel and upon which travel occurs by vehicle (bridge, boulevard, street or thoroughfare) or on foot (sidewalk).[2]

In *Williams*, the issue was whether steps leading to a parking facility at the Kansas City International Airport were included in the list. This Court held that the steps were part of a sidewalk and were subject to the requirements of section 82.210. 782 S.W.2d at 66. The Court found a second reason for applying the notice statute, that is, that the steps constituted part of a thoroughfare. *Id.*

*Jones v. City of Kansas City*, 15 S.W.3d at 737–38.

In *Banks*, the plaintiff alleged that she was struck by a vehicle while "she was crossing at a crosswalk which was darkened and dangerous" because the "lighting for said pedestrian crosswalk was negligently designed and located by" Kansas City so far from the crosswalk that the lighting "provided no illumination for the crosswalk." *Banks*, 862 S.W.2d at 486. The trial court dismissed the plaintiff's petition because she failed to give notice as required by section 82.210. The Western District affirmed the trial court's dismissal of the plaintiff's petition stating in part: "We conclude that negligently designed street lights, which fail to provide adequate illumination on crosswalks, 'fall within 'those publicly maintained exterior improvements designed to facilitate travel,' and thus are encompassed in the list of defective property for which section 82.210 requires a notice of claim." *Banks*, 862 S.W.2d at 488. In *Jones*, the Supreme Court limited the Western District's opinion in *Banks*, stating in part:

No transfer application was filed with this Court in *Banks* after the court of appeals decision. *Banks* should not be read to expand the list of properties to which the notice statute applies. To the extent that there is language inconsistent with this principle in *Banks*, it should not be followed. *Banks* quite sensibly can be confined to its conclusion that an allegation of a dark and dangerous crosswalk encompasses a defect in the condition of a street and is, thus, within the meaning of section 82.210. 862 S.W.2d at 488.

*Jones*, 15 S.W.3d at 738 n.3.

In this case, "narrowly constru[ing]" section 82.210 against Defendant City and in favor of Plaintiff and giving Plaintiff the benefit of a reasonable inference from the record that the water meter hole in question was located in a grassy/dirt berm

---

**2.** This sentence at least implies that the Supreme Court intended to restrict "thoroughfare" to a structure on which travel occurs by vehicle.

between the street and the sidewalk as we must, we believe the water meter hole and grassy/dirt berm were not part of the street or sidewalk that bordered the berm, and the grassy/dirt berm was not a thoroughfare. As a result, there was a genuine issue as to the location where Plaintiff was injured that prevented Defendant City from being entitled to judgment as a matter of law under section 82.210.

In *Jones*, our Supreme Court rejected a construction of the word "street" in section 82.210 "to include everything owned by the city in and around the street having to do with the regulation of traffic on the street." Similarly, we reject a construction of the words "street" and "sidewalk" in section 82.210 to include everything owned by Defendant City adjacent to and around the street and sidewalk present in this case. In other words, we reject a construction of these words to include the grassy/dirt berm between the street and sidewalk where Plaintiff claims the water meter hole at issue was located. Our rejection of this construction is further supported by the fact that the water meter hole, unlike the yield sign in *Jones*, did not have anything to do with the regulation of traffic on the adjoining street or sidewalk.

We also reject a construction of the word "thoroughfare" in section 82.210 to include the grassy/dirt berm in question in this case. The grassy/dirt berm's only claim to be a "thoroughfare" is that the public occasionally may walk on it without obstruction. Even if "thoroughfare" in section 82.210 continues after *Jones* to include "an unobstructed way open to the public" that is "part of a continuous design to direct public, pedestrian traffic from" one location to another, that type of unobstructed pedestrian way is a far cry from a grassy/dirt berm located between a street and a sidewalk that is not part of any

design to direct public, pedestrian traffic and is only walked on when a member of the public finds the berm to be a convenient route of travel. If the only criteria to be a "thoroughfare" under section 82.210 is that the way be "an unobstructed way through which there is a passing from" one location to another, all greenspace in every city park or other city owned property would be a thoroughfare within the meaning of section 82.210.

Our construction of "street," "sidewalk," and "thoroughfare" in section 82.210 is further supported by the Eastern District's construction of a similar notice statute for fourth class cities (i.e., section 79.480) in *Otte v. City of Ste. Genevieve*, 926 S.W.2d 559 (Mo.App. E.D. 1996). In *Otte*, the plaintiff "was walking south on [a street] ... when she slipped and fell into a hole at the opening of a drainage pipe located adjacent to the street." *Id.* at 560. The plaintiff "did not notify the City of the accident." *Id.* The trial court dismissed the plaintiff's claim "finding she failed to comply with the notice requirements of § 79.480.[ ]" *Id.* at 559–60 (footnote omitted). The Eastern District reversed the trial court and remanded the case stating in part:

> Section 79.480 is specific in its designation of certain areas within a municipality to which it applies. *Walls v. City of Overland*, 865 S.W.2d 839, 840 (Mo. App. E.D. 1993). Streets, boulevards, sidewalks and thoroughfares come within the statute. *Id.* Drainage ditches are not included. The courts do not have the authority to extend § 79.480, by implication, to areas not named in the statute. *Id.*

> The facts and allegations in appellant's petition indicate the drainage ditch, where the injury occurred, is adjacent to the street not part of or on the street. Whether the dangerous condition was adjacent to the street or a part of it is a question of fact. Consequently, the

trial court was obligated to accept as true the facts plead. Accordingly, the trial court erred in granting the motion to dismiss because the facts viewed most favorably toward appellant did not require notification to the City before a suit could be maintained.

*Id.* at 560.

Plaintiff's point is granted. The trial court's judgment is reversed, and the case is remanded.[3]

Daniel E. Scott, J.—Dissents in Separate Opinion

William W. Francis, Jr., J.—Concurs

## DANIEL E. SCOTT, DISSENTING.

This court has not found or been cited to directly-controlling authority on our specific issue, *i.e.*, do "street, sidewalk, or thoroughfare" in § 82.210 include grassy strips or "parkways"[1] between a curb and sidewalk? Reasonable minds may differ, as this case proves, but I think such strips fall within § 82.210 for at least two reasons.

First, the statute lists streets, sidewalks, thoroughfares, and other properties that expose a city, in its proprietary capacity, to common-law liability. *Jones v. City of Kansas City*, 15 S.W.3d 736, 737 (Mo. banc 2000). For common-law liability purposes, strips as in this case have long been treated as part of the sidewalk or street. *See, e.g., Woodson v. Metro. St. Ry.*, 224 Mo. 685, 123 S.W. 820, 822–24 (1909) (5.8-foot grass strip between brick sidewalk and street curb "can properly be called the sidewalk of Charlotte street"); *Coffey v. City of Carthage*, 200 Mo. 616, 98 S.W. 562, 565 (1906); *Caldwell*, 894 S.W.2d at 238; *Wendegatz*, 217 S.W.2d at 271; *Smith*, 35 S.W.2d at 976–77; *Bentley*, 125 S.W. at 534; *Fockler v. Kansas City*, 94 Mo.App. 464, 68 S.W. 363, 363–64 (1902).

Second, in my view, when a city paves street right-of-way for vehicles flanked by walkways, the developed result from edge to edge (including any curbs, gutters, bikeways, and sidewalks, whether or not paved all the way to the curb[2]) constitutes a "thoroughfare" for vehicular and pedestrian traffic.

Thus, I would find § 82.210 applicable and affirm the judgment.

---

**3.** The trial court relied in part on *Wendegatz v. Kansas City Gas Co.*, 217 S.W.2d 269 (Mo. App. K.C.D. 1948). We do not believe *Wendegatz* applies to the construction of section 82.210. *Wendegatz* does not address or even mention section 82.210 even though section 82.210 would appear to have been applicable if the "gas shut-off box" at issue in *Wendegatz* had been located in the sidewalk or street rather than in the parkway (Kansas City Gas Co. did not learn of the accident until more than 90 days after Wendegatz's injury according to the facts recited in the opinion). *Id.* at 271. The issue in *Wendegatz* was liability not notice as in this appeal (Defendant City does not challenge its liability for a dangerous condition in the grassy/dirt berm only that it was entitled to timely notice of Plaintiff's injury). *Id.* Further, *Wendegatz* predates our Supreme Court's opinions in *Jones* and *Williams* and the Eastern District's opinion in *Otte*.

**1.** As such strips are termed in cases including *Griffin v. City of Chillicothe*, 311 Mo. 648, 279 S.W. 84, 85 (1925); *Caldwell v. McGahan*, 894 S.W.2d 237, 238 (Mo.App. 1995); *Wendegatz v. Kansas City Gas Co.*, 217 S.W.2d 269, 270 (Mo.App 1948); *Smith v. City of St. Joseph*, 225 Mo.App. 886, 35 S.W.2d 975, 975–77 (1930); and *Bentley v. Missouri & Kansas Tel. Co.*, 142 Mo.App. 215, 125 S.W. 533, 534 (1910).

**2.** *See Woodson, supra; Smith,* 35 S.W.2d at 977 (that city " 'had the right to leave a space between the curbing of the street and the sidewalk unimproved' " did not negate common-law duty regarding such space; citing and quoting *Fockler*, 68 S.W. at 364).